## In re GUTWILLIG.

(Circuit Court of Appeals, Second Circuit. January 25, 1899.)

1. BANKRUPTCY—FRAUDULENT TRANSFERS—ASSIGNMENT FOR CREDITORS.

A voluntary general assignment for the benefit of creditors, with or without preferences, made by an insolvent debtor within four months prior to the filing of a petition in bankruptcy against him, is a fraud upon the bankruptcy act, and made with intent to "hinder, delay, and defraud his creditors." since its necessary effect is to defeat the operation of the bankruptcy act, and the right of creditors to such an administration of the assets as that act provides, and is therefore void, as against his subsequently appointed trustee in bankruptcy, under section 67 of the bankruptcy act (30 Stat. 564).

2. SAME—JURISDICTION—ENJOINING ASSIGNEE.

Where an insolvent debtor makes a general assignment for the benefit of creditors, and within four months thereafter a petition in bankruptcy against him is filed, the court of bankruptcy has jurisdiction, pending the hearing on such petition, to enjoin the assignee from disposing of or interfering with the property transferred to him under the assignment.

In Bankruptcy. Petition to review an order of the district court of the United States for the Southern district of New York.

In this case, a petition in involuntary bankruptcy having been filed against a debtor who had previously made a general assignment for the benefit of his creditors, the district court, on motion of the petitioning creditors, granted a restraining order forbidding the assignee to dispose of the assigned property or its proceeds until the adjudication upon the petition. 90 Fed. 475. And thereupon the assignee brought this petition for review of such order.

George Fielder, for petition.

Stillman F. Kneeland, for respondent.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

WALLACE, Circuit Judge. If the general assignment made by the alleged bankrupt would, in the event of an adjudication of bankruptcy, be treated as void as against the trustee of his estate, the order enjoining the assignee from disposing of or interfering with the property transferred pending the hearing was a proper and expedient exertion of the authority conferred upon courts of bankruptcy by clause 15, § 2, of the present act.

The assignment, which was made November 9, 1898, recites the insolvency of the assignor, and transfers all his property and effects to an assignee for the benefit of creditors, upon the trusts to convert the same into money, and, after paying the expenses of executing the trust, to pay all creditors of the assignor ratably, and in proportion to their several demands.

It is insisted for the appellant that whenever the question arises the assignment must be determined to be valid, because it was without preferences, and does not appear to have been made with any actual intent by the insolvent debtor to defraud his creditors. This contention rests upon the terms of that section of the act which enumerates what transfers of property by a person who afterwards becomes a bankrupt, and what liens upon such property, are void as against

92 F.—22

the trustee of the estate. Section 67. The section declares, among other things, that "all conveyances, transfers, assignments, or en-- cumbrances of his property" made or given by a person adjudged a bankrupt within four months prior to the filing of the petition "with the intent and purpose on his part to hinder, delay, or defraud his creditors, or any of them, shall be null and void as against his creditors, except as to purchasers in good faith and for a present fair consideration," and all property transferred and incumbered "as aforesaid" shall remain 'a part of his estate, and pass to the trustee.

We entertain no doubt that a voluntary general assignment, with or without preferences, made by an insolvent debtor within the prescribed four months, is fraudulent, and intended by him to "hinder, delay and defraud" creditors, within the meaning of the section, because its necessary effect is to defeat the operation of the bankrupt act and the rights of the creditors to such an administration of the assets as that act is intended to provide. The reasons for this conclusion, and the authorities in support of it, are so fully and satisfactorily set forth in the opinion of Judge Brown in the court below that we do not deem it necessary to enlarge upon them. They are summarized in the following extract from his opinion:

"Since the time of George II., and even prior, the current of English adjudications, followed by our own, has been that a voluntary assignment of all his property by an insolvent debtor to an assignee of his own choosing, though without preferences, is itself an act of bankruptcy, a fraud upon the act, and hence a fraud upon the creditors, as respects their rights in bankruptcy, and voidable at the trustee's option, even without an express provision to that effect in the statute."

The citations referred to by him amply sustain the general proposition. Among the most instructive are Barnes v. Rettew, 2 Fed. Cas. 868, and Globe Ins. Co. v. Cleveland Ins. Co., 10 Fed. Cas. 488.

The general purpose of bankrupt laws, and of the present act, is not only to administer the assets of insolvent debtors on the basis of equality, but to secure that result by giving to the creditors, and not to the debtor, the selection of the person to be intrusted with the administration. To permit the administration to be committed by an insolvent debtor, who is on the heels of an adjudication of bankruptcy, to a trustee selected by himself, and thus be wholly withdrawn from the supervision of the bankrupt court, is irreconcilable with any reasonable view of the purpose of such legislation. Hence it has been almost uniformly adjudged that any disposition of his property by a debtor intended to accomplish that purpose is a fraud upon the creditors, who have a right to invoke its protection. That such disposition is not one which is fraudulent at common law is immaterial. It suffices if its necessary effect is to defraud, hinder, or delay creditors in their rights and remedies under the bankrupt law.

By the laws of New York and of many of the other states, general assignments by insolvent debtors for the benefit of creditors, if free from actual fraud, are valid, notwithstanding they create preferences between creditors; and, if the contention urged upon this appeal is sound, such assignments, as well as those which are made to distribute the debtor's property ratably, are, by the terms of the section, good against the trustee in bankruptcy. The language applies unequiv-

ocally to all transfers or assignments, and declares those only null and void which are made with the intent and purpose to hinder, delay, or defraud creditors, and places an assignment with preferences on the same footing as one without, because it makes no distinction between them. The language also includes, not only assignments of every kind, but every kind of transfer or conveyance by which a debtor may elect to secure a creditor in preference to or exclusion of his other creditors. If it is the meaning of the section to permit preferences by assignments or other conveyances if they are not fraudulent at common law, an anomaly has been introduced into the present act not found in any bankrupt law hitherto enacted in this country or England; and it exists in an act, and in the very section of the act, which nullifies preferences obtained by legal proceedings. It is impossible to believe that congress, while precluding a creditor from obtaining preferences over other creditors by legal proceedings, however regularly and fairly employed, should have intended to permit the debtor to select one or more favored creditors, and give him or them preference by his voluntary act. The section annuls "all levies, judgments, attachments or other liens obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him," and any "lien created by, or obtained in, or pursuant to any suit at law or in equity * * * begun against a person within four months before the filing of a petition in bankruptcy by or against such person * * * (1) if it appears that said lien was obtained or permitted while the defendant was insolvent and that its existence and enforcement will work a preference, or (2) the party or parties to be benefited thereby had reasonable cause to believe the defendant was insolvent and in contemplation of bankruptcy, or (3) that such lien was sought and permitted in fraud of the provisions of this act, * * * provided that nothing herein contained shall have the effect to destroy or impair the title obtained by such levy, judgment, attachment or other lien of a bona fide purchaser for value who shall have acquired the same without notice or reasonable cause of inquiry."

These provisions manifest unmistakably the intention of congress not only not to permit preferences to be acquired upon the bankruptcy of a debtor when he is about to become a bankrupt, but also to annul all dispositions of his property, except to innocent purchasers, which will defeat the rights of creditors to a distribution by the instrumentalities and according to the scheme of the bankrupt act. The purchaser of a title under a lien acquired by legal process is not protected, unless he took it without notice of its preferential origin. The purchaser under a voluntary conveyance must not only be a purchaser in good faith, but he must be one who has subtracted nothing essentially from the value of the debtor's assets. They are wholly inconsistent with an interpretation of the clause annulling voluntary conveyances which will permit such conveyances to stand when intended to defeat the operation of the bankrupt act. This clause must be interpreted in a sense which harmonizes with the general intent of the section as gathered from the other clauses; and, thus read, it annuls any conveyance made to impair or defeat the remedy of creditors

under the bankrupt act, unless made to a purchaser not in complicity with the insolvent, and for a "present fair consideration."

The order of the district court is affirmed, with costs.