WILBUR v. WATSON et al.

(District Court, D. Rhode Island. November 7, 1901.)

No. 1,095.

BANKRUPTCY—ALLOWANCE OF COMPENSATION TO ASSIGNEE.

Assignees under a general assignment, which was itself an act of bankruptcy and constructively fraudulent and in violation of the bankruptcy act, are not entitled to compensation from the estate for their services rendered prior to the filing of petition in bankruptcy against the assignor, and they cannot retain any sum as such compensation from the proceeds of the property in their hands.

In Bankruptcy.

Cooke & Angell, for trustee.

BROWN, District Judge. The sole question in this case is whether the assignees under a general assignment, which was itself an act of bankruptcy, are entitled, before paying over to the trustee the proceeds of the sale of the assigned property, to deduct any sum as compensation for their services rendered prior to the filing of the petition in bankruptcy. Such an assignment was constructively fraudulent and in violation of the bankruptcy act, in that it provided for a different mode of administration of the effects of the insolvent debtor than that contemplated by the act. This was the view of the circuit court of appeals of the Eighth circuit in Davis v. Bohle, 1 Am. Bankr. R. 412, 92 Fed. 325. See, also, Bryan v. Bernheimer, 181 U. S. 188, 192, 193, 21 Sup. Ct. 557, 45 L. Ed. 814; West Co. v. Lea, 174 U. S. 590, 596, 19 Sup. Ct. 836, 43 L. Ed. 1098; In re Gutwillig (D. C.) 90 Fed. 475, 478, 480, affirmed in 34 C. C. A. 377, 92 Fed. 337.

In Stearns v. Flick, 4 Am. Bankr. R. 723, 727, 103 Fed. 919, 921, it was said:

"No equity can arise, therefore, in favor of the assignee, which would entitle him to compensation for services rendered * * * in an attempt to defeat the operation of the bankrupt law."

Nor should the generally recognized rule that an assignee is not entitled to compensation for services as assignee be weakened or evaded by allowing compensation for services under the guise of a compensation for custody prior to the filing of the petition in bankruptcy. In Re Peter Paul Book Co., 5 Am. Bankr. R. 105, 104 Fed. 786, it was said:

"There is no authority at law for granting this allowance. Section 64b, subsec. 1, expressly prohibits it. In re Giblom, 2 Nat. Bankr. N. 60. The conclusion is reached that an allowance to an assignee under a general assignment for services rendered as custodian of the property prior to the filing of the petition in bankruptcy, even though it have the appearance of being rendered for the benefit of the general creditors, is not permitted by the bankruptcy act, and ought not to be allowed."

The assignees were not assignees for value, but simply agents of the assignor for the distribution of the proceeds of the property among the creditors. Bryan v. Bernheimer, 181 U. S. 188, 192, 193, 21 Sup. Ct. 557, 45 L. Ed. 814. Their custody was not for the purpose of preserving the estate for administration under the bankruptcy law. On the contrary, their custody was to enable them to act contrary to the policy of that law. Having voluntarily become parties to an arrangement which was contrary to the policy of the bankruptcy law, and assuming to carry out the directions of the assignor, I fail to see any reason for holding that they have acquired any standing in equity, or that there is any merit in their claim for compensation for what has possibly resulted in some benefit to the creditors. It would be, in my opinion, a substantial violation of the spirit and letter of the bankruptcy act to allow the present claims for compensation. The act provides that a trustee, for the performance of all that these assignees have done, as well as other services, shall receive the sum of $5, and 3 per centum on the sums to be paid as dividends and commissions. The amounts claimed by the assignees exceed this many times. It is contrary to the policy of the bankruptcy act that an insolvent should select the persons who shall administer the estate for the benefit of the creditors, or that he should fix their compensation. If we are to allow for the services of assignees, this will tend to encourage the making of assignments, instead of direct applications to the bankruptcy courts. Furthermore, the present trustee, under the law, is entitled to a fixed compensation provided by the act. This compensation covers all his services in reducing to money the property of the estate. To pay an assignee for doing the same thing would be to make the creditors pay double for the performance of a portion of the services. While there are a number of decisions of referees and of courts which give, perhaps, some countenance to the contention that what an assignee has done for the benefit of the creditors should be paid for by the estate, it seems to me that the broader view is that one who has voluntarily become a party to an arrangement which is contrary to the policy of

congress in enacting a uniform bankruptcy law should rather lose his time and effort, than that the door should be opened to evasions of the bankruptcy act. In the present case there is no question but that the assignees have acted honestly and intelligently, and it is probable that the estate has profited by their experience and efforts; but this case must be decided, not upon the special circumstances, but as a matter of general law.

The claim of the assignees for compensation for services prior to the filing of the petition is disallowed, and judgment may be entered for the trustee for the full amount in the hands of the assignees.