### In re TATUM et al.

(District Court, E. D. North Carolina. November 29, 1901.)

BANKRUPTCY—GENERAL ASSIGNMENT—ALLOWANCE TO ASSIGNEE.

A trustee under a general assignment for the benefit of creditors, where the assignor is adjudged bankrupt within four months after the assignment, is entitled to an allowance from the estate for the actual and necessary expenses incurred in preserving the property while in his

possession, but not to any allowance for his services, since the assignment was an act in violation of the bankruptcy law, to which he was a party.

In Bankruptcy. On petition of trustee under a general assignment for an allowance for services and expenses.

P. H. Williams, for trustee.
J. H. Sawyer, for petitioner.

PURNELL, District Judge. In July, 1901, the firm of Tatum, Mann & Co. made an assignment for the benefit of creditors, and the trustee, under said assignment, entered into possession of the stock of merchandise. Shortly thereafter, on the petition of creditors, the firm was adjudged bankrupt. Said trustee was in possession of the stock of goods 39 days, when it was taken into possession of the trustee in bankruptcy. The trustee, under the assignment, now files a petition asking that the expenses incurred in preserving the estate and an allowance of $2.50 per day for his services in this behalf be paid out of the estate, and that the court authorize and direct the trustee in bankruptcy to pay these amounts. The trustee in bankruptcy resists the petition, and in answer thereto issues of fact are raised, but the referee does not find the facts, other than above stated. This court cannot pass upon these issues without evidence, even if it were contemplated it should do so. The foregoing, however, are admitted to be facts, and present the questions certified by the referee upon which a decision is desired.

Taking the inventory and preserving the estate being for the benefit of creditors, equity, which governs, when not otherwise provided, in the administration of bankruptcy estates, would justify and require that a trustee or assignee under a general assignment should be allowed actual expenses incurred. This he should itemize, and, if required, verify under oath, producing proper vouchers for money expended or expenses incurred. Such assignee is the agent for the bankrupt, and the estate may be taken from him by a summary proceeding in the bankruptcy court. Bryan v. Bernheimer, 181 U. S. 188, 21 Sup. Ct. 557, 45 L. Ed. 814. The assignment being an act of bankruptcy (West Co. v. Lea, 174 U. S. 590, 19 Sup. Ct. 836, 43 L. Ed. 1098), and a fraud on the bankruptcy act, as contemplated therein, the assignee is a party to the wrongful act. An allowance for services rendered in furtherance of such wrongful act would be a violation of the spirit, if not the letter, of the bankruptcy law. The assignment is void, and acts done in pursuance thereof confer no rights when proceedings in bankruptcy are instituted within four months of the date of such assignment.

An assignee or trustee under such assignment is a party to the wrongful act, and cannot be allowed for services rendered in this behalf out of the estate in the court of bankruptcy. Such assignments are contemplated and allowed under the state law (Laws N. C. 1893, c. 453), but are acts of bankruptcy, under the act of congress. When proceedings are instituted in bankruptcy the state law is suspended. Under the act of the general assembly of North Carolina cited, the trustee, under an assignment therein contem-

plated, is required to file an inventory, and not to dispose of any property within 10 days of the registration of the assignment or deed of trust. Following the act under which he was acting, this trustee would have received such fees as were allowed in the assignment or fixed by the clerk of the superior court, who has jurisdiction of proceedings when an assignment or deed of trust is made for the benefit of creditors, closing of the estate, and discharge of the trust. No sale was made, so far as the record discloses, or other act done, except taking the inventory and holding the property. No bond given and no liability attached, except such as are incident to a naked trust. No allowance can be made to be paid by the bankrupt estate under the circumstances. The recommendation of the referee that an allowance be made of $2.50 per day to the trustee under the deed of assignment is not approved.

The cause is remanded to the referee for the First division of the district, with instructions to allow the trustee under the assignment the actual and necessary expenses incurred in preserving the estate during the time it was in his possession, and no more.