## In re MAYS.

### (District Court, S. D. West Virginia. April 21, 1902.)

**1. BANKRUPTCY—GENERAL ASSIGNMENT—ALLOWANCE TO ASSIGNEE.**

An assignee under a general assignment for the benefit of creditors, where the assignor is adjudged bankrupt within four months after the assignment, is not entitled to any allowance for his services in the care and preservation of the property, since the assignment, being an act in violation of the bankruptcy law, to which he was a party, he becomes merely the agent of the bankrupt.

**2. SAME.**

Such assignee is entitled to an allowance from the estate for the actual and necessary expenses incurred in preserving the property while in his possession, since such expenses would have been provable debts of the estate had they been incurred as such by the bankrupt.

(Syllabus by the Court.)

In Bankruptcy. On application of Jean F. Smith, assignee of the bankrupt under the state insolvency laws, for allowance for compensation, attorney's fees, and expenses.

John T. Graham, for assignee.

KELLER, District Judge. On January 1, 1902, J. W. Mays and S. B. Mays, his wife, made a voluntary assignment of their property in the state to Jean F. Smith, Esq., for the benefit of their creditors. The assignee qualified as such in the state court, took possession of the property thus assigned, protected the same by insurance against loss by fire, and took personal charge of the same. Within a few days after the making of this assignment an involuntary petition in bankruptcy was filed against J. W. Mays by certain of his creditors, and T. A. Null was, by order of this court, appointed special receiver to take charge of the property and effects of said bankrupt; and on January 10, 1902, said Smith, assignee, delivered the property and effects of said Mays and wife into the hands of said special receiver. The said S. B. Mays, wife of J. W. Mays, also filed a voluntary petition in bankruptcy. The case was referred to R. M. Baker, one of the referees in bankruptcy of this court, and a trustee was duly appointed by the creditors of the bankrupts. In the course of the proceedings the assignee named in the voluntary deed of assignment filed a claim for $100 for his services, $50 as a fee to his attorney, and $12 for various expenses paid by him in connection with the assignment; making in all $162. The allowance of the claim for services and attorney fees was resisted by the creditors, and the referee held that "he cannot allow the said assignee or his attorney anything for services rendered under and by virtue of said deed of assignment, as such claims are not provable debts of the bankrupt, not having been incurred by him, but by the assignee himself in an attempt to prevent the administration of the estate in the bankruptcy courts, such assignment being an act of bankruptcy in itself, and in contravention of the policy of the bankrupt law, which is to draw to the bankruptcy courts the administration of the estates of all insol-

vents; but that said Smith, assignee, is entitled to an allowance from the estate for the actual and necessary expenses incurred in the administration and preservation thereof, which, from the proof of claim filed by said Smith, is $12; and this amount is allowed, it appearing that he had actually expended that amount in good faith prior to the institution of the bankruptcy proceedings." The assignee, claiming to be aggrieved by the action of the referee in refusing to allow the claim as filed by him, prays that the order of the said referee be set aside, and the proceedings, so far as they relate to his claim, be reviewed; and the referee thereupon certified the question to the court as follows:

"Whether an assignee for the benefit of the creditors, under an assignment made under the state laws, prior to the filing of an involuntary petition against the bankrupt, is entitled to compensation, as such assignee, for his services rendered prior to the adjudication and prior to the appointment of a trustee in the bankruptcy proceedings?"

In the case of West Co. v. Lea, 174 U. S. 590, 19 Sup. Ct. 836, 43 L. Ed. 1098, it was held by the supreme court of the United States, in construing the present bankruptcy act, that:

"A deed of general assignment for the benefit of creditors constitutes in itself an act of bankruptcy, which per se authorizes an adjudication of involuntary bankruptcy under section 3 of the act of congress of 1898, entirely irrespective of actual insolvency."

In the case of Stearns v. Flick (D. C.) 103 Fed. 919, it was held by Judge Thompson that:

"A claim by an assignee under the state insolvency laws for his compensation and expenditures in administering the estate prior to the filing of a petition in bankruptcy against the assignor was not a provable debt of the bankrupt, not having been incurred by him, but by the assignee himself in an attempt to prevent the administration of the estate in the bankruptcy courts; and that it was immaterial that he acted in good faith, and in conformity to the insolvency laws of the state."

In a case decided by Judge Purnell (In re Tatum [D. C.] 112 Fed. 50) a precisely similar question to the one here presented arose, and the judge there held that:

"A trustee under a general assignment for the benefit of creditors, where the assignor is adjudged bankrupt within four months after the assignment, is entitled to an allowance from the estate for the actual and necessary expenses incurred in preserving the property while in his possession, but not to any allowance for his services, since the assignment was an act in violation of the bankruptcy law, to which he was a party."

In that case the court said:

"Taking the inventory and preserving the estate being for the benefit of creditors, equity, which governs, when not otherwise provided, in the administration of bankruptcy estates, would justify and require that a trustee or assignee under a general assignment should be allowed actual expenses incurred. This he should itemize, and, if required, verify under oath, producing proper vouchers for money expended or expenses incurred. Such assignee is the agent for the bankrupt, and the estate may be taken from him by a summary proceeding in the bankruptcy court. Bryan v. Bernheimer, 181 U. S. 188, 21 Sup. Ct. 557, 45 L. Ed. 814. The assignment being an act of bankruptcy (West Co. v. Lea, 174 U. S. 590, 19 Sup. Ct. 836, 43 L. Ed. 1098), and a fraud on the bankruptcy act, as contemplated therein, the as-

signee is a party to the wrongful act. An allowance for services rendered in furtherance of such wrongful act would be a violation of the spirit, if not the letter, of the bankruptcy law. The assignment is void, and acts done in pursuance thereof confer no rights when the proceedings in bankruptcy are instituted within four months of the date of such assignment. An assignee or trustee under such assignment is a party to the wrongful act, and cannot be allowed for services rendered in this behalf, out of the estate, in the court of bankruptcy. Such assignments are contemplated and allowed under the state law (Laws N. C. 1893, c. 453), but are acts of bankruptcy under the act of congress."

This case appears to me to be absolutely similar to the one certified to me for opinion, and to correctly propound the law. So far as the courts of bankruptcy are concerned, the assignee of a debtor under a general deed of assignment must be considered as the agent of the bankrupt, and entitled, therefore, to no more compensation out of the estate of the bankrupt in the administration thereof in the bankruptcy court than the bankrupt would be entitled to had he performed these services himself. So far as actual and necessary expenses incident to the care and preservation of the property are concerned, I regard these as provable debts of the estate, because, had they been incurred by the bankrupt as debts, they would have been so provable by the creditors. They are not preferred claims. Stearns v. Flick (D. C.) 103 Fed. 919.

For the foregoing reasons the order of the referee made on the 12th day of April, 1902, upon the hearing of the petition of Jean F. Smith, assignee, is approved in full.