In re ROGERS.

(District Court, S. D. Georgia, W. D. July 1, 1902.)

1. BANKRUPTCY—INSOLVENCY PROCEEDINGS—FEES OF RECEIVER AND ATTORNEYS —POWER OF STATE COURT TO INCUMBER THE ESTATE.

After a receiver had been appointed in insolvency proceedings, the insolvent was adjudged a bankrupt, and the parties in the state court were enjoined pursuant to the provisions of the bankrupt act. Thereafter the state court entered an order that on payment of certain sums for the expenses and compensation of the receiver, and for compensation of the attorneys who secured his appointment, the receiver turn over to the trustee in bankruptcy all the assets of the bankrupt. Thereupon application was made to the federal court, setting forth that the receiver had not sufficient funds with which to pay such fees and expenses, and that the trustee had given notice of his intention to except to the order directing such payment, and praying an order to the effect that if the state court so modifies such order as to allow the receiver to turn over the assets of the bankrupt to the trustee, without requiring such fees and expenses first to be paid, the trustee be ordered to at once sell a sufficiency of the estate of the bankrupt with which to pay off such fees and expenses, and pay the same, and that the same shall be a first lien on all the assets of such bankrupt, and be paid in preference to any other claim against his estate. *Held*, that the federal court will decline to recognize the authority of the state court to incumber assets of a bankrupt for the fees and expenses of its officers entered after the proceedings therein were suspended by the bankruptcy proceedings, especially when accompanied by a ruling that such assets will not be delivered to the trustee until the allowances thus made are paid.

2. SAME—FEES AND EXPENSES IN INSOLVENCY PROCEEDINGS—PAYMENT—DELIVERY OF ASSETS TO TRUSTEE—CONDITION PRECEDENT.

Where a state court ordered that certain fees and expenses incurred in insolvency proceedings be paid before the assets of the insolvent be

turned over to his trustee in bankruptcy, but did not state by whom such payment should be made, the federal court will not order that such payment be made by the trustee.

W. W. Lambdin, for petitioning creditors.

SPEER, District Judge. In this case insolvency proceedings were instituted in the honorable superior court of Pike county, Ga., and a receiver was appointed by that court. Proceedings in bankruptcy were instituted here, and, upon application in behalf of the petitioning creditors, the parties in the state court were here enjoined pursuant to the provisions of the bankrupt act. Thereafter counsel for the petitioning creditors and for the bankrupt applied to this court for an order modifying the injunction obtained here so that the attorney for the plaintiff and the receiver in the state court might apply to that court to have their fees and expenses fixed by that court. It was conceded by the petitioning creditors that the attorneys for the plaintiff in the state court had the right so to apply. In that stage of the case this court declined to pass any order to modify the injunction in any respect. This was upon the ground that it was not necessary to do so. This was apparent because the only parties or counsel who could complain of a violation of the injunction had estopped themselves by admissions in judicio that the plaintiffs in the state court had the right to apply for fees. This court further held that, if it should decide it ought to modify the injunction so as to allow counsel to go before the state court and claim that fees should be fixed by that court, it might in certain cases have very far-reaching and serious consequences,—especially in cases where this court was of the opinion that the proceedings in the state court were coram non judice because they had been suspended by the operation of the bankrupt law. In that condition of the record, application was made to the superior court of Pike county to dissolve the temporary injunction which had been granted there, and also to set aside the appointment of the receiver. It seems from the following order that the question of fees, also, became involved. The court held (the Honorable E. J. Reagan, Judge, presiding) as follows:

"Upon hearing the within application, the court declines to pass upon the question of dissolving the temporary injunction and receivership in this case on the ground that an order has heretofore been granted by the court suspending the proceedings in this case on account of the adjudication in bankruptcy of the defendant, J. J. Rogers. It is further ordered and adjudged that upon payment of the expenses, amounting to $32, incurred by the receiver, and upon the payment of $500 to the receiver, Edward A. Stephens, as his compensation, and upon the further payment of the further sum of $500 to Dodd, Newman & Dodd, attorneys, as their compensation,—said amounts having been adjudged by this court to be due the said receiver for services rendered herein, and adjudged to be due said Dodd, Newman & Dodd for services in filing the original petition and the petition for the appointment of a receiver in said case,—the receiver is directed to turn over and deliver to the trustee in bankruptcy, J. W. Hanson, the assets, choses in action, and effects of J. J. Rogers, bankrupt."

In view of this order, application is now made to this court, setting forth the fact that the temporary receiver appointed by the superior court of Pike county has not in his hands sufficient funds with which

to pay such fees and expenses, and that the trustee has given notice of his intention to except to the order directing payment of said fee. An order is sought from this court to the tenor and effect as follows:

"It is therefore hereby considered and ordered that, in the event the superior court of Pike county so modifies the aforesaid order as to allow said temporary receiver to turn over the assets of said bankrupt to said trustee without requiring said fees and expenses first to be paid as provided in said order, said trustee shall, and he is hereby ordered to, at once sell a sufficiency of the estate of said bankrupt with which to pay off and discharge said judgment so rendered by the state court as to said fees and expenses, and said trustee shall promptly pay off and discharge said judgment, and the same shall be a first lien on all the assets of said bankrupt, and shall be paid in preference to any other claim against the estate of said bankrupt."

Upon consideration the court declines to pass the order sought, or any similar order. The trustee either has or has not the right to the possession of the assets of the bankrupt in the hands of the temporary receiver of the state court. That court declines to pass upon the question of dissolving the temporary injunction and receivership in that case on the ground that the proceeding in bankruptcy suspended the proceeding in the state court. If, then, the proceedings are suspended, as is clearly the effect of the bankruptcy law, the state court has no right or authority to fix the fees of its receiver having charge of the property, and less right to refuse to turn over the same until those fees have been paid by the proper officer of the bankrupt court. If the assets are delivered to the trustee by the receiver of the state court, this court will consider any application for compensation which may be made by officers of the state court, and, if allowable, will grant suitable compensation; but it must definitely decline to recognize the authority of the state court to incumber the assets of the bankrupt by a judgment of this character, especially when accompanied by the ruling that such assets will not be delivered to the trustee in bankruptcy until the allowances thus made by the state court are paid off and discharged.

The order would be declined for the further reason that the order of the superior court does not indicate in any manner by whom the fees allowed in that court shall be paid, but this is unimportant when contrasted with the principal question in the case, namely, has the state court, upon proceedings instituted under the insolvency laws of the state, suspended by the enactment of the bankruptcy legislation the right and authority to adjudicate liens against bankrupts' assets in favor of its own officers, and to refuse to surrender the assets to the proper official of the bankruptcy court until such fees are paid? Should such a precedent be recognized, it may not be impossible that in a large number of bankruptcy cases the assets might suffer from a mulcting process of this sort before they reach the hands of the officers appointed under the act of congress to administer and distribute them. Besides, if the officers of the bankrupt court are entitled to the assets, the state court has no authority to impose conditions as a prerequisite to their delivery; nor can the bankrupt court, by action in any sense appropriate, give its sanction to such imposition, whether expressly or impliedly made. The practice for which the order sought might

be regarded as a precedent would not only largely increase the expenses of such litigation, but would inevitably result in great delay in the final disposition of bankruptcy litigation.

It is represented to this court that, since the judge of the state court has held that he now has no authority to pass any order in the premises, the assets of the bankrupt will deteriorate and largely disappear unless this court will direct a sale of a portion of the assets to pay off the debt created against them by the state court in behalf of its officials. This, if true, is, of course, deplorable. There are, however, considerations involved in this question which are far graver than the loss of assets in a particular case. They involve the supremacy of the constitution and laws of the United States, the power of congress to create a uniform system of bankruptcy, the legislation of congress creating that system, and the settled principle that insolvency proceedings in state courts are suspended while the bankrupt law is of force. It is the duty of a court of the United States to take care that by no judicial order of its own the effectiveness and vigor of the laws with the enforcement and administration of which it is intrusted shall be nullified and whittled away.

For these reasons, but with great respect and deference to the honorable the superior court of Pike county, the order sought is refused.