## In re STANDARD FULLER'S EARTH CO.

### (District Court, S. D. Alabama, S. D.    April 12, 1911.)

### No. 928.

1. BANKRUPTCY (§ 20*)—JURISDICTION OF BANKRUPTCY COURT—JURISDICTION OF STATE COURT.

   An order of a state chancery court appointing a receiver of an insolvent corporation subsequently adjudged a bankrupt entered after the adjudication of bankruptcy which allows a fee for the attorneys of the receiver for services rendered by them in the chancery court, and which adjudges that the fee shall be a priority claim constituting a lien on the assets of the corporation, is void because outside of the jurisdiction of the court.

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 23; Dec. Dig. § 20.*]

2. BANKRUPTCY (§ 20*)—JURISDICTION OF BANKRUPTCY COURT—JURISDICTION OF COURT.

   The bankruptcy jurisdiction when properly invoked in bankruptcy proceedings against a corporation supersedes prior proceedings in the state court for winding up the corporation.

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 23; Dec. Dig. § 20.*]

3. BANKRUPTCY (§ 347*)—FEES OF ATTORNEYS.

   The compensation allowed attorneys for professional services in bankruptcy proceedings is a priority claim payable out of the assets of the estate of the bankrupt.

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 538; Dec. Dig. § 347.*]

4. BANKRUPTCY (§ 347*)—FEES OF ATTORNEYS.

   The compensation for legal services rendered the receiver in a state court of a bankrupt prior to adjudication of bankruptcy, which services are beneficial to the estate, is a preferred claim in the right of the receiver, and is part of his expenses in the preservation and care of the estate.

   [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 347.*]

In the matter of the Standard Fuller's Earth Company, a bankrupt. From an order of R. T. Ervin, referee, fixing and allowing McMillan & Grayson fees for services rendered by them as attorneys in the chancery court of Mobile as attorneys for the receiver in that court of the bankrupt and for filing petition in involuntary bankruptcy in the bankruptcy court for petitioning creditors, they appeal. Reversed.

McMillan & Grayson, for appellants.

TOULMIN, District Judge. It appears from the record that about the 1st of August, 1910, a bill was filed in the chancery court of Mobile by McMillan & Grayson, representing one H. E. Chapman, who was a stockholder in the insolvent corporation, Standard Fuller's Earth

Company, for the appointment of a receiver to take charge of the property and assets of said corporation, and for the administration and winding up of said corporation for the benefit of whom it might concern. On August 18, 1910, the receiver was appointed. On the 26th of November, 1910, the Standard Fuller's Earth Company was adjudicated bankrupt by this court on the petition of creditors of the company. McMillan & Grayson were the attorneys for said petitioners.

It appears that the chancery court at Mobile on January 23, 1911, made an order allowing said McMillan & Grayson, solicitors for complainant in the cause in that court, a fee of $1,500, declaring it to be a reasonable and proper allowance to them, and authorizing and instructing the receiver in the cause to pay the same and the cost of the cause remaining unpaid after applying the funds in the hands of the register of the court deposited as security for the costs, the payment to be made out of any funds available for that purpose. It was further ordered by that court that the receiver and his bondsman, after the payment of these fees and the costs of the cause, be and are relieved and dismissed from all further accounting of his administration as such receiver. And the cause was ordered to be dropped from the trial docket of that court. It further appears that McMillan & Grayson were requested to represent the defendant company in the state court proceedings by one H. A. Auer, an attorney who represented the company and who was also its secretary, and, when the receiver was appointed, they also performed services as attorneys for him. The treasurer and general manager of the company was appointed receiver.

[1] I cannot agree with the contention of petitioners that the fee allowed them by the chancery court was a priority claim constituting a lien on the assets of said bankrupt company. And I do not find that said court specifically ordered the same to be paid out of the assets of the company. The order directed that such payment be made out of any funds available for that purpose. This order was made on the 23d of January, 1911, about two months after the said corporation had been adjudicated a bankrupt, and when all of its assets had by operation of law passed under the exclusive jurisdiction and administration of the bankruptcy court. The state court proceedings had been superseded by the proceeding in bankruptcy, and its action in the premises, if its purpose was to fix a lien on said assets, was coram non judice. In re Smith (D. C.) 92 Fed. 135; In re Curtis (D. C.) 91 Fed. 741; In re Rogers (D. C.) 116 Fed. 435; Abbott v. Summers (D. C.) 116 Fed. 687. "In the administration of an estate in bankruptcy, the law permits the allowance of one reasonable attorney's fee for the professional services actually rendered to the petitioning creditors in involuntary cases. The attorney is entitled to this reasonable fee as a matter of right. The amount must in all cases be reasonable, to be determined upon evidence of the service performed and of its value, and, if in the absence of evidence of its value, by the court from knowledge of its worth. The amount to be allowed rests in legal judgment and judicial discretion, but not in unrestrained discretion." In re Curtis et al., 100 Fed. 785, 41 C. C. A. 61; Smith

v. Cooper, 120 Fed. 232, 56 C. C. A. 578; In re Zier & Co., 142 Fed. 102, 73 C. C. A. 326; Brandenburg on Bkcy. §§ 970, 971, 981, 1034, 1036, 1413. Such fee is provable and entitled to priority (1) when the services were rendered the petitioning creditors in involuntary cases; (2) to the bankrupt in involuntary cases while performing the duties prescribed by the act; and (3) when the services of an attorney are really necessary and required by a receiver or trustee in the performance of their duties in the care and administration of the bankrupt estate. Such fees to be allowed as part of the expense of the care and preservation of the estate. The fees allowed as a priority should be confined to service during the bankruptcy proceedings. Bankruptcy Act, § 64. In Re Zier et al., 142 Fed. 102, 73 C. C. A. 326, supra, the court held that the fact that attorneys were employed by a receiver appointed in a state court proceeding against a corporation, and rendered useful professional services therein, established no legal claim for allowance of fees out of the estate in bankruptcy of the defendant in the state court proceeding, by way of lien upon the assets or otherwise, as they are not performed on behalf of the bankrupt nor in the bankrupt administration.

[2] The bankruptcy jurisdiction, when properly invoked, supersedes the prior proceedings in the state court for winding up the corporation, "as to which the jurisdiction is not concurrent"; that the rule in reference to a voluntary assignment for the benefit of creditors is equally applicable to the claim in that case, which was one for legal services rendered under employment by a receiver in a state court. Such claim is allowable only upon equitable considerations for services from which the estate in bankruptcy has derived benefit, and to the extent only they were beneficial in fact. In re Zier et al., supra. The claim in that case was disallowed.

In Re Peter Paul Book Co. (D. C.) 104 Fed. 786, the court held that no allowance can be made by a court of bankruptcy to an assignee under a general assignment for services rendered as custodian of the property prior to the filing of the petition in bankruptcy against the assignor, even though such services appear to have been for the benefit of the general creditors. The court, however, said the bankruptcy court is authorized to make an allowance for services rendered in preserving the estate subsequent to filing the petition. In Re Rogers, 116 Fed. 435, the court said:

"The federal court will decline to recognize the authority of the state court to incumber assets of a bankrupt for the fees and expenses of its officers entered after the proceedings therein were suspended by the bankruptcy proceedings. * * * If the assets are delivered to the trustee by the receiver of the state court, this court will consider any application for compensation which may be made by officers of the state court, and, if allowable, will grant suitable compensation."

In the case of Abbott v. Summers (D. C.) 116 Fed. 687, a debtor made a deed of trust to one Summers for the benefit of creditors. About a month thereafter on an involuntary petition filed by creditors the debtor was adjudicated a bankrupt. In due time Abbott was elected trustee of the estate of the bankrupt. He filed a petition in the bankruptcy court alleging that said deed of trust was in effect a

general assignment for the benefit of creditors, and conveyed and transferred to said Summers all the property and assets of said bankrupt, and prayed that the court make an order directing said Summers to turn over to him the money in his hands (all the property having been converted into money by said Summers) belonging to the estate of said bankrupt. Said assignee, Summers, set up, among other things, in his answer to said petition, a claim for compensation for the services of his attorneys. The court held that he was not entitled to an allowance to pay for the services of attorneys employed by him in the administration of the trust, and cites a number of authorities in its opinion to this effect: (1) That a general assignment for the benefit of creditors is void as against the trustee appointed in the subsequent bankruptcy proceeding, or as against the creditors of such debtor, and that "such an assignment or disposition of property is a fraud on creditors, who have the right to invoke the protection of the bankruptcy act"; (2) that it is "a general principle of bankruptcy laws, not only to administer the assets of insolvent debtors on the basis of equality, but to secure that result by giving to the creditors, and not to the debtor, the selection of the person to be intrusted with the administration"; (3) that "acts done in pursuance thereof (the assignment) confer no rights, when proceedings in bankruptcy are instituted within four months of the date of such assignment"; (4) that "no equity can arise in favor of the assignee, which would entitle him to compensation for services rendered, or to reimbursements for expenses incurred, in an attempt to defeat the operation of the bankrupt law"; (5) that a trustee appointed by a bankrupt debtor must be regarded as a mere agent appointed by the bankrupts to distribute their estate among their creditors; and (6) that, "if it is determined that a voluntary assignee or trustee and his attorney are entitled to compensation for their services, to be paid as preferential claims out of the estate, it will have the necessary effect of conferring upon insolvent debtors the power in all cases to charge their assets with the obligation of paying for the services of such trustees and attorneys as they may see fit to designate." Abbott v. Summers (D. C.) 116 Fed. 687; In re Gutwillig, 92 Fed. 337, 34 C. C. A. 377; In re Tatum (D. C.) 112 Fed. 50; Stearns v. Flick (D. C.) 103 Fed. 919; In re Burka (D. C.) 104 Fed. 326.

In the case of Wilbur v. Watson in the United States District Court for the District of Rhode Island, 111 Fed. 493, the court held that:

"Assignees under a general assignment, which was of itself an act of bankruptcy, and constructively fraudulent and in violation of the bankruptcy act, are not entitled to compensation from the estate for their services rendered prior to the filing of petition in bankruptcy against the assignor, and they cannot retain any sum as such compensation from the proceeds of property in their hands."

"Proceedings in state courts under state insolvent laws are as against proceedings under the bankrupt act coram non judice. Such proceedings have no validity, no more than have proceedings in a state court when once a cause has been properly removed therefrom into a federal court." In re Curtis (D. C.) 91 Fed. 741; Steamship Co. v. Tugman, 106 U. S. 118, 1 Sup. Ct. 58, 27 L. Ed. 87. A claim for pro-

fessional advice and legal services rendered an assignee prior to an adjudication of bankruptcy against the assignor, "so far as the assignee would be allowed for payment of the claim, * * * may be preferred in the right of the assignee." Randolph v. Scruggs, 190 U. S. 536, 540, 23 Sup. Ct. 711, 713, 47 L. Ed. 1165.

But the court said:

"We are not prepared to go further than to allow compensation for services which were beneficial to the estate. Beyond that point we must throw the risk of his conduct on the assignee, as he was chargeable with knowledge of what might happen." 190 U. S. 539, 23 Sup. Ct. 713, 47 L. Ed. 1165.

I can perceive no difference in the application of the rule declared in Randolph v. Scruggs, 190 U. S., 23 Sup. Ct., 47 L. Ed., supra, and other authorities, to the case of a general assignment and to a proceeding in a state court instituted by a stockholder in an insolvent corporation against said corporation, praying an administration and winding up of said corporation, and obtaining the appointment of the treasurer and general manager of the corporation as receiver in the cause. The bankruptcy jurisdiction, when properly invoked, supersedes the prior proceedings in the state court for the winding up of said estate, as to which the jurisdiction is not concurrent. In re Zier & Co., Wilbur & Watson, and other authorities, supra. While the application to a state court by a corporation for a dissolution and the appointment of a receiver of its property is not an act of bankruptcy, and it cannot be adjudged bankrupt on that ground, the general rules of law for the administration of the bankrupt estate are alike applicable, whether the estate be administered and settled by an assignee under a deed of assignment or by the bankruptcy court.

[3, 4] My opinion is that the referee erred in decreeing that the compensation of the receiver in the state court and of his attorneys therein as fixed and allowed by the state court is a priority claim against the estate in bankruptcy and the same is reversed, and the cause is remanded to the referee to determine the amount of compensation that should be allowed the attorneys for professional services rendered in the bankruptcy proceedings, which is a priority claim to be paid out of the assets of said estate, also to ascertain and determine the expenses incurred by the receiver in the state court in the preservation and care of the assets of the estate turned over to the bankruptcy court. Such expenses to include reasonable compensation for legal services required and actually rendered the receiver, and which were beneficial to the estate. The claim for such professional services is to be claimed and preferred in the right of the receiver, and as part of his expenses in the preservation and care of the estate.