## LION BONDING & SURETY COMPANY *v.* KARATZ.

## DEPARTMENT OF TRADE & COMMERCE OF THE STATE OF NEBRASKA ET AL. *v.* HERTZ ET AL., AS RECEIVERS OF LION BONDING & SURETY COMPANY.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE EIGHTH CIRCUIT.

Nos. 574, 467. Motion to modify decrees submitted May 21, 1923. Denied June 4, 1923.—Opinion rendered June 11, 1923.

Where lower federal courts have entertained suits of which they had no jurisdiction, as federal courts, and appointed receivers, the jurisdiction of this Court, on appeal, is to correct their errors in assuming jurisdiction and granting relief; it has no jurisdiction, in ordering the suits dismissed, to allow compensation, expenses and counsel fees to the receivers, or to direct a party to take proceedings in a state court having jurisdiction of the property in question, for the purpose of protecting creditors who filed their claims in the federal court. P. 641.

Motion denied.

MOTION to modify the decrees rendered by this Court pursuant to its decision of these cases, *ante,* 77.

*Mr. Bruce W. Sanborn, Mr. William G. Graves, Mr. Samuel G. Ordway* and *Mr. William R. Kueffner,* for respondents, in support of the motion.

*Mr. O. S. Spillman,* Attorney General of the State of Nebraska, *Mr. John F. Stout, Mr. Halleck F. Rose, Mr. Arthur R. Wells, Mr. Paul L. Martin* and *Mr. Amos Thomas,* for petitioners, in opposition to the motion.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

The decision in these cases rendered April 23, 1923, *ante,* 77, reversed the decrees with costs and directed that the bills be dismissed. Before the mandate issued Hertz and

Levin, the receivers appointed by the federal court for Minnesota, applied for modification of the decrees. They ask approval of the disbursements for expenses of the receivership paid by them out of monies realized from assets of the Lion Bonding & Surety Company. They ask approval of charges made by counsel employed in certain ancillary proceedings which these counsel propose to deduct from funds collected in another district. They ask that payment be directed of other additional expenses incurred in connection with the original receivership and the ancillary receiverships, aggregating $3,384.55. They also ask that they and their general counsel be paid compensation for services rendered during the two years which have elapsed since their appointment as receivers. The amounts involved in these several requests aggregate nearly $30,000. There are still some assets of the corporation within the District of Minnesota and in two other districts in which Hertz and Levin were appointed ancillary receivers. The aggregate value of these assets appears to be less than the aggregate amount now claimed. The receivers pray for a general direction that payment be made out of funds of the insolvent estate now being administered by the state court.

The receivers also call attention to the fact that the time allowed creditors for filing claims under the decree of the Nebraska court elapsed May 1, 1922; that many creditors filed their claims only in the federal court; that these claims will be barred from sharing in the distribution to be made, unless an order is entered allowing such claims to be filed in the state court; and they ask that this Court direct the Department of Trade and Commerce of Nebraska to take such proceedings in the state court as may be necessary to secure to such creditors the right to share in the assets of the corporation.

This Court is without power to grant any part of the relief sought. The District Court was without jurisdic-

tion as a federal court to appoint receivers in, or otherwise to entertain, the Karatz suit. For this reason, among others, the Hertz suit, a dependent bill, was dismissed. As the lower federal courts lacked jurisdiction, they are necessarily without power to make any charge upon, or disposition of, the assets within their respective districts.[1] Even where the court which appoints a receiver had jurisdiction at the time, but loses it, as upon supervening bankruptcy, the first court cannot thereafter make an allowance for his expenses and compensation. He must apply to the bankruptcy court.[2] Where a case is dismissed for want of jurisdiction as a federal court, there is not even power to award costs against the defeated party.[3] The case at bar is unlike *Palmer* v. *Texas*, 212 U. S. 118, 132, upon which the receivers rely. In that case the costs and expenses of a receiver erroneously appointed by the federal court were directed to be paid out of funds realized in that court. There the Circuit Court had jurisdiction as a federal court; but the decree appointing the receiver was reversed, because it was erroneous.

---

[1] Compare *Missouri* v. *Angle*, 236 Fed. 644; 224 Fed. 525; *Hawes* v. *First National Bank of Madison*, 229 Fed. 51; *In re Standard Fuller's Earth Co.*, 186 Fed. 578.

[2] *In re Diamond's Estate*, 259 Fed. 70; *In re Williams*, 240 Fed. 788; *In re Standard Fuller's Earth Co.*, 186 Fed. 578; *In re Rogers*, 116 Fed. 435. Compare *In re Watts*, 190 U. S. 1; *Randolph* v. *Scruggs*, 190 U. S. 533.

[3] *Inglee* v. *Coolidge*, 2 Wheat. 363, 368; *McIver* v. *Wattles*, 9 Wheat. 650; *Strader* v. *Graham*, 18 How. 602; *Citizens' Bank* v. *Cannon*, 164 U. S. 319. In removal cases the rule was changed by Act of March 3, 1875, c. 137, § 5, 18 Stat. 470, 472; *Josslyn* v. *Phillips*, 27 Fed. 481; *Mansfield, Coldwater & Lake Michigan Ry. Co.* v. *Swan*, 111 U. S. 379; *Mattingly* v. *North Western Virginia R. R. Co.*, 158 U. S. 53. Although the dismissal below is for want of jurisdiction, costs in this Court may be allowed, because it has jurisdiction to review. *Winchester* v. *Jackson*, 3 Cr. 514; *Montalet* v. *Murray*, 4 Cr. 46; *Halsted* v. *Buster*, 119 U. S. 341; *Blacklock* v. *Small*, 127 U. S. 96, 105.

Obviously, this Court has no power to direct the Department of Trade and Commerce of Nebraska to apply to the state court for the order allowing creditors to prove their claims in that court. Our jurisdiction is limited in this proceeding to the correction of the errors committed by the lower federal courts in taking jurisdiction and in granting relief. The only course open to the creditors, as to the receivers and their counsel, is to apply to the state court.

*Motion denied.*