**NOXON CHEMICAL PRODUCTS CO., Inc., v. LECKIE et al.**

No. 4243.

Circuit Court of Appeals, Third Circuit. Feb. 21, 1930.

Rehearing Denied April 1, 1930.

**Header**: 319 at top right

sulting rights, a brief review of the action of the court in that case, and the legal situation which impelled that action, might be of value here.

The central, and practically the sole, question for determination in this case, is the question of the court's jurisdiction in the original action. That being determined, there is no question as to the legal results which follow.

William J. Robb, the plaintiff, filed, on February 25, 1925, an unverified bill against the corporation, supported as to certain averments by his own accompanying affidavit, praying for the appointment of receivers and an injunction against the corporation and its officers, based mainly on its alleged insolvency. Immediately, on the same day, the court, without notice to the Noxon Company, or to any of its stockholders or creditors, and without verification of the allegations of the bill as to insolvency, etc., entered a final decree on the merits, appointed receivers, and issued an injunction against the defendant and its officers in the broadest possible form, preventing them from exercising the company's franchises or doing business of any kind.

It will be observed that in addition to the fact that the defendant was not before the court when the receivers were appointed and the injunction issued, there was not even a notice to the defendant to show cause. The only notice required in the decree was a rule on the creditors and stockholders to show cause why the receivers should not be continued, a copy of the decree being directed to be mailed to such creditors and stockholders.

Without elaboration of the facts set forth in our former opinion, on which the judgment therein was based, an examination of the record discloses with clearness that no subsequent act of the corporation could in any way be construed as an approval or ratification of the proceedings, by which its property was wrested from it, without notice or an opportunity to be heard.

We thus reach the question of jurisdiction.

The elements of jurisdiction, as laid down in Corpus Juris, vol. 15, p. 734, are: (1) The court must have cognizance of the class of cases to which the one to be adjudged belongs; (2) The proper parties must be present; (3) The point to be decided must be in substance and effect within the issue.

It is further stated that in a personal action, jurisdiction of the subject-matter and

See, also, Nottebaum v. Leckie (C. C. A.) 31 F.(2d) 556.

Isidor Unger, of New York City (George F. Seymour, Jr., of Newark, N. J., of counsel), for appellant.

M. M. Stallman, of Newark, N. J., for receivers.

Edwards & Bryan, of New York City, and Collins & Corbin, of Newark, N. J. (Duncan Edwards and William C. Cannon, both of New York City, and Robert J. Bain, of Jersey City, N. J., of counsel), for W. J. Robb and others.

Edward J. Fox, Jr., of Easton, Pa., as special master.

Before WOOLLEY and DAVIS, Circuit Judges, and THOMSON, District Judge.

THOMSON, District Judge.

It must, of course, be understood, that the decision of the court in the proceedings in which the receivers were appointed is not open for reconsideration, either directly or indirectly, on these appeals. That chapter is closed. The well-established principles of the law, as there enunciated and applied, fully justify the conclusion reached, if any justification is necessary.

But in order to better understand the present status of the parties, and their re-

of the person are absolutely essential to the power of the court to decide a legal controversy. Unless both exist, it is the imperative duty of the court to decline to do more than ascertain and declare that it has no power to examine and decide the merits of the case.

With reference to jurisdiction of the subject-matter, or cause of action, it is stated: "Jurisdiction of the subject matter is the power to hear and determine cases of the general class to which the proceedings in question belong; the power to deal with the general subject involved in the action."

In the sense in which the term is ordinarily used, jurisdiction may be concisely stated to be the right by a court to act and adjudicate concerning the subject-matter in a given cause. 7 R. C. L. 1029.

Before a "cause can be determined by a court and judgment given against defendant, the court must have jurisdiction of subject-matter and defendant's person." 28 USCA § 41(1) note 9, p. 52.

"Jurisdiction of the person is ordinarily understood to mean the power, obtained by the service of a summons or other proper process or notice, on a defendant personally within the territorial limits of the jurisdiction, or by a voluntary appearance in person or by attorney to render a personal judgment; and the State Court can acquire no jurisdiction of an action where neither the person nor any property of the defendant can be found within the State." Corpus Juris, vol. 15, p. 786.

This author also says that there must be some service on the defendant in some mode authorized by law or the court cannot proceed, and a judgment rendered without such service is a nullity; and that service of process or the prescribed legal or statutory notice is always a prerequisite to jurisdiction over either the person or the property and that the statutory mode of service or of giving notice must be followed, including requirements as to time. A person's knowledge of the existence of an action, no matter how clearly brought home to him, does not supply the want of compliance with the statutory or legal requirements as to service; even a person's presence in court does not give the court jurisdiction to enter a judgment against him when he was not brought there by any legal means.

While any judicial proceeding may be instituted, no judicial proceeding can be maintained, against any person until he has been notified by lawful process, or voluntary appearance. This is absolutely fundamental. There is, of course, a clear distinction between the institution of a proceeding and the action by a court in a proceeding after its institution; just as there is a recognized division of jurisdiction between jurisdiction of the subject-matter and jurisdiction of the person. On the face of the bill here, the court had a prima facia jurisdiction when the bill was filed. It had power to "put the wheels in motion," seeking to acquire personal jurisdiction of the defendant corporation. This the court did not do. On the contrary, it proceeded to finally determine the case by resolving the facts averred in the bill in favor of the complainant and against the defendant before it issued any process and before it obtained any personal jurisdiction of the defendant.

There was thus a want of jurisdiction in the court, either under the laws of New Jersey or the laws of the United States. In this situation, the appointment of the receivers immediately, and of itself, divested the defendant of title to all its property, assets, and business, and the issuance of the injunction, which deprived the defendant of the exercise of its corporate powers and franchises, constituted a clear taking of its property, without due process of law, in violation of the Constitution of the United States.

In this legal situation, the reversal of the court's orders, under which the receivers were appointed and the injunction granted, which deprived the company of its property, without due process of law, followed as a necessary consequence. The decree of the court that the receivership be annulled and set aside, and the office of the receivers vacated, and the receivers directed to turn over and return to the corporation all its property and assets of every kind in their hands, and to make full and complete accounting to the said court of their said trust, also followed as a natural and necessary result.

While there was no formal order that the bill be dismissed, this was the legal effect of the court's judgment and mandate. The court having found and decreed that the proceeding was null and void from the beginning, the action was at an end, and the decree that the receivership be vacated and all property and assets returned to the defendant, and an accounting made, was in order to restore the status of the parties as fully as if the action had not been brought. All that remained to be done was to carry into effect, in the court below, the mandate of the appellate court in letter and in spirit,

thus undoing the wrong committed and restoring the status quo.

Instead of this, while the learned judge of the District Court undertook to obey the mandate of this court, so far as it understood the same, the court found and decreed: That the receivers were entitled to all administration expenses, including compensation for their services, counsel fees, master's fees, and other expenses which were made chargeable upon and payable out of the defendant's estate and funds; the amount of such expenses being referred to a special master for determination and report to the court.

The court further referred to such master the petitions of the receivers, relating to their services and the value of the same, with the several answers thereto, for determination and report on the issues raised thereby.

The court further referred to such master the several reports and accounts of the receivers, not already referred to him, and decreed that the reports and accounts theretofore filed by the receivers constituted the full and complete accounting to the court of their said trust. To this was annexed a provision giving the right to the defendant to file, within twenty days, any other or further exceptions, to accounts already passed upon by the said master, such right to be exercised by the company on petition to the court with special allowance so to do, within twenty days from the date of the order.

It was further ordered that any issue, raised by such petition or defense thereto, should be referred to the said master for consideration and report.

It was further decreed that the defendant, its directors and officers, should forthwith take such action in the interpleader suit in the Court of Chancery of New Jersey, wherein the Merchants & Newark Trust Company was complainant and the receivers defendant, as may be necessary to restore to the receivers possession and control of the funds deposited by the trust company in said court; and upon said funds being restored, the receivers were to file an additional bond.

It was further decreed that for his services the special master should receive the sum of $7,375, payable out of the trust funds of the estate.

It is apparent from an examination of the opinion of the District Court that the court was of opinion that the District Court had jurisdiction in the original case, and having jurisdiction, had power to allow compensation to the receivers, counsel fees, and administration expenses, in the exercise of the court's discretion. An allowance of expenses was made in the court below, as fully, and with the same effect, as if the proceedings, which resulted in the taking of defendant's property, had been in all respects lawful. Even had the court such discretionary powers, the conclusion arrived at by the court would, perhaps, not meet fully with our approval. But here, it is not a matter of discretion, but one of legal power. As heretofore stated, while the court had jurisdiction of the class of cases to which the one in question belonged, the total absence of notice, and an opportunity to be heard, deprived the court of jurisdiction of the person, because the defendant was not before the court; and therefore the court had no jurisdiction of defendant's person or property. This being true, under the well-established principles enunciated by the courts, the court had no power whatever to allow compensation to the receivers, their counsel fees or costs of administration, or compensation to the special master appointed by the court.

All such compensation, to which the several parties might be entitled, must be taxed against the plaintiff, whose proceeding it was, and upon whom the blame for the wrong committed must legally rest. When the court is without jurisdiction, the cases are unanimous in holding that the court is without power to make any charge upon the assets or expenses for compensation. In such a situation, the court has no power to appoint receivers, to grant relief in any way, or to entertain the action. Lion Bonding & Surety Co. v. Karatz, 262 U. S. 640, 43 S. Ct. 641, 67 L. Ed. 1151.

The court said at page 641 of 262 U. S., 43 S. Ct. 641, 642, 67 L. Ed. 1151: "This court is without power to grant any part of the relief sought. The District Court was without jurisdiction as a federal court to appoint receivers in, or otherwise to entertain, the Karatz suit. For this reason, among others, the Hertz suit, a dependent bill, was dismissed. As the lower federal courts lacked jurisdiction, they are necessarily without power to make any charge upon, or disposition of, the assets within their respective districts."

To the same effect is Finneran v. Burton (C. C. A.) 291 F. 37; Fryer v. Weakley (C. C. A.) 261 F. 509; Atlantic Trust Co. v. Chapman, 208 U. S. 360, 28 S. Ct. 406, 52 L. Ed. 528, 13 Ann. Cas. 1155.

Many other cases might be cited, both federal and state, if it were considered nec-

essary. The court below fell into error in assuming that the court had jurisdiction, and that there vested in the court a discretionary power as to the disposition of the various costs of administration. If jurisdiction existed, the conclusion of the court would have been correct. The very reverse is true, where jurisdiction, as in this case, was wholly wanting.

What then is the conclusion of the whole matter?

Under the clearly expressed wording of the decree and mandate, the receivership was annulled and set aside, the office of the receivers vacated, and the receivers were directed to turn over and return to the said corporation all its property and assets of every kind in their hands. Words could scarcely be broader or more comprehensive than these. And the District Court, while recognizing its duty to give full effect and compel obedience to the mandate, fell into error in holding that the receivers are entitled to compensation, administration expenses, and counsel fees, and that the same should be charged upon the funds in their hands; and that to the extent of such charges, the fund is equitably the property of the receivers, and not of the Noxon Company, and to that extent is not included in the mandate of the Circuit Court of Appeals.

The mandate further directed the receivers to make full and complete accounting to the said court of their said trust. Here, again, the learned District Court fell into error in holding "that the reports and accounts heretofore filed by said receivers or trustees, constitute the full and complete accounting to this Court of their trust." Such accounts were filed on the theory that the receivers were entitled to compensation for their services, counsel fees, and the costs of administration. As that theory is erroneous, in view of the ruling of this court, it becomes manifest that a new and complete accounting must be made in harmony with the decision of this court in interpreting its decree and mandate in the original action.

The court evidently misunderstood the meaning of the words used by this court in its former opinion when it said: "By such decree, not only was its property taken away, but all exercise of its franchises was forbidden by injunction, and a trust arose to administer the property, of which it had been unlawfully divested under the direction of the Court." The defendant having been unlawfully divested of its property, by the same token, it was unlawfully vested in the

receivers. Their possession was wrongful and illegal, but the property being in their hands, they held it in trust for the owners, subject to the direction of the court. No trust arose for the benefit of those who had illegally seized the property; but for those whose property it was.

The bill should be dismissed at the cost of the plaintiff.

Such action as was directed by the court to be taken by the defendant in the interpleader suit in the Court of Chancery of New Jersey, to restore possession and control of the funds deposited in said Chancery Court, by the Merchants & Newark Trust Company, can be pursued by the defendant to restore to the corporation the possession and control of the funds so deposited. In such action the former receivers will not be parties.

The rule to show cause why the said receivers should not be held in contempt of court for failure to comply with the court's mandate will ultimately be disposed of by the District Court, as to right and justice may appertain.

The order of the court below, dated July 20, 1929, must be reversed with costs, with direction that the court's mandate be carried into effect in harmony with this opinion.