## MOORE v. SCOTT.
### No. 6505.

Circuit Court of Appeals, Ninth Circuit.
Jan. 25, 1932.

Reuben G. Hunt, of San Francisco, Cal., for appellant.

W. I. Titus, of Los Angeles, Cal., for appellee.

Before WILBUR and SAWTELLE, Circuit Judges, and ST. SURE, District Judge.

SAWTELLE, Circuit Judge.

Sitting in equity the United States District Court for the Southern District of California, on April 6, 1931, made an order allowing the final account of David B. Scott as receiver in equity of the assets of the Tungsten Products Company, and awarding compensation to the receiver and his counsel, W. I. Titus. This appeal is brought by the trustee in bankruptcy, the bankruptcy having superseded the receivership by virtue of an adjudication dated November 21, 1930.

By the terms of the order of adjudication, the District Court reserved the hearing and determination of the accounts of the equity receiver and the fixing of allowances for services of such receiver and his counsel, in Equity No. C-55 in that court, wherein B. W. Holeman, receiver of the First National Bank of Bishop, California, is the plaintiff, and Tungsten Products Company, the defendant, the matters thus reserved to be heard and determined "before and by the court [equity] only."

On November 22, 1927, Equity Action No. C-55 was commenced in the same District Court, in which action Holeman was plaintiff and the bankrupt corporation was defendant. On November 25, 1927, David B. Scott, the appellee herein, was appointed and qualified as receiver in equity of the property of the defendant corporation, and he administered it until the date of the adjudication, November 21, 1930, an involuntary petition having been filed in the meantime in that court on March 19, 1928.

On December 3, 1930, the equity receiver filed in the equity suit his final account and application for compensation for himself and his counsel. To this account, on December 13, 1930, the trustee in bankruptcy, the appellant herein, filed in the bankruptcy matter a number of exceptions, and on January 22, 1931, filed some additional exceptions.

On February 2, 1931, an order was made by the judge of the District Court for the Southern District of California, in case No. C-55-J-Eq., entitled "B. W. Holeman, Receiver, Plaintiff, v. Tungsten Products Company, Defendant," consolidating the equity case and the bankruptcy case "for the purpose of considering exceptions to Report of Receiver."

On April 1, 1931, the same judge entered a memorandum of conclusions on settlement

of final accounts of receiver, in Equity Suits No. C-55-Eq., styled "B. W. Holeman, Receiver, Plaintiff, v. Tungsten Products Company, Defendant," and No. C-56-Eq., entitled "B. W. Holeman, Receiver, Plaintiff, v. Coso Hot Springs, Inc., Defendant."

The order appealed from, set forth above, was entered five days later, the case there bearing the number "C-55-M," conforming to the designation used by the receiver in filing his final account.

The appellant contends that the equity court should not have acted at all, and should have relinquished the settlement of the receiver's account and the award of compensation to the bankruptcy court. In our view of the case, consideration of the other assignments of error is unnecessary.

■ The Supreme Court has repeatedly emphasized the exclusive nature of the bankruptcy court's jurisdiction.

In Mueller v. Nugent, 184 U. S. 1, 14, 22 S. Ct. 269, 275, 46 L. Ed. 405, Mr. Chief Justice Fuller used the following oft-quoted language: "It is as true of the present law as it was of that of 1867, that the filing of the petition [in bankruptcy] is a caveat to all the world, and in effect an attachment and injunction (International Bank v. Sherman, 101 U. S. 407, 25 L. Ed. 867), and on adjudication title to the bankrupt's property became vested in the trustee (sections 70, 21e [11 USCA §§ 44, 110]) with actual or constructive possession, and placed in the custody of the bankruptcy court."

The same jurist, in Re Watts & Sachs, 190 U. S. 1, 27, 23 S. Ct. 718, 724, 47 L. Ed. 933, said: "The bankruptcy law is paramount, and the jurisdiction of the Federal courts in bankruptcy, when properly invoked, in the administration of the affairs of insolvent persons and corporations, is essentially exclusive. Necessarily, when like proceedings in the state courts are determined by the commencement of proceedings in bankruptcy, care has to be taken to avoid collision in respect of property in possession of the state courts. Such cases are not cases of adverse possession, or of possession in enforcement of preexisting liens, or in aid of the bankruptcy proceedings. The general rule as between courts of concurrent jurisdiction is that property already in possession of the receiver of one court cannot rightfully be taken from him without the court's consent, by the receiver of another court appointed in a subsequent suit; *but that rule can have only a qualified application where winding-up proceedings are superseded by those in bankruptcy as to which the jurisdiction is not concurrent."* (Italics our own.)

Again, in the same opinion, the Chief Justice says "that the intent of the bankruptcy law is to place the administration of affairs of insolvents exclusively under the jurisdiction of the bankruptcy courts." See also May v. Henderson, 268 U. S. 111, 117, 45 S. Ct. 456, 69 L. Ed. 870, and Straton v. New, 283 U. S. 318, 331, 51 S. Ct. 465, 75 L. Ed. 1060.

Should there remain any doubt as to whether the Supreme Court intended that this doctrine should apply to the fixing of the fees of a receiver named by another court, the statement by Mr. Justice Brandeis in Lion Bonding & Surety Co. v. Karatz, 262 U. S. 640, 642, 43 S. Ct. 641, 642, 67 L. Ed. 1151, removes that doubt, as much as may be done by human language: "Even where the court which appoints a receiver had jurisdiction at the time, but loses it, *as upon supervening bankruptcy,* the first court cannot thereafter make an allowance for his expenses and compensation. He must apply to the bankruptcy court." (Italics our own.)

Nor can the bankruptcy court itself surrender this exclusive jurisdiction: "Indeed, a court of bankruptcy itself is powerless to surrender its control of the administration of the estate." Isaacs v. Hobbs Tie & T. Co., 282 U. S. 734, 739, 51 S. Ct. 270, 272, 75 L. Ed. 645.

The Isaacs Case involved two federal courts and a state court, and therefore may be said to indicate that the Supreme Court makes no distinction between state and federal courts as to their inability to encroach upon the exclusive jurisdiction of the bankruptcy courts. On page 739 of 282 U. S., 51 S. Ct. 270, 272, in the Isaacs Case, we find the following language used by Mr. Justice Roberts: "The state court in which the foreclosure action was begun was without jurisdiction to pursue it. Upon removal into the federal court upon the ground of diversity of citizenship, the latter court had no higher or different right to interfere with the bankruptcy administration than had the state court."

In United States Fidelity & Guaranty Co. v. Bray, 225 U. S. 205, 206, 32 S. Ct. 620, 621, 56 L. Ed. 1055, cited in the Isaacs Case, supra, the appeal brought up for review, "a decree of the circuit court of appeals for the fourth circuit [170 F. 689] reversing a decree of the circuit court for the northern district of West Virginia in a suit in equity which was intended, inter alia, to affect a fund of $26,-

000 in the hands of the trustee of a bankrupt's estate then in the course of administration in the district court of that district."

There, as here, the conflict was between two federal courts only; and the Supreme Court, through Mr. Justice Van Devanter, said: "Of the fact that the suit was begun in the circuit court with the express leave of the court of bankruptcy it suffices to say that the latter was not at liberty to surrender its exclusive control over matters of administration, or to confide them to another tribunal."

There are numerous decisions by lower federal courts in which these doctrines have been followed. We will pause to quote from only a few.

The leading circuit case is In re Diamond's Estate (C. C. A. 6) 259 F. 70, 73, in which Judge Knappen used the following language: "The broad question involved is whether the bankruptcy court had power, by summary order, to compel the state court receiver to turn over the money to the bankruptcy court, to await its action upon the question of compensation, fees, and disbursements of that receiver. We think this question must be answered in the affirmative. From the time the petition in bankruptcy was filed the property of the bankrupt estate was constructively in the custody of the law. Acme Co. v. Beckman Co., 222 U. S. 300, 32 S. Ct. 96, 56 L. Ed. 208. Upon the adjudication of bankruptcy, the District Court acquired jurisdiction essentially exclusive to administer the estate of the bankrupts generally, including the determination of claims to or liens upon their property, as well as questions of disbursement and distribution generally. [Citing cases.] * * * This exclusive jurisdiction the bankruptcy court was not at liberty to surrender (Fidelity Co. [v. Bray] Case, supra); and after bankruptcy supervened the state court (broadly speaking) no longer had power, unless under circumstances of emergency not applicable to the order here, to so dispose of the bankrupts' estate, in whole or in part, as to deprive the bankruptcy court of power to determine finally the propriety of such disposition."

In Gamble v. Daniel, 39 F.(2d) 447, 454, the Circuit Court of Appeals for the Eighth Circuit said: "Administration of property by a bankruptcy court involves several elements. One of these is collection of the property of the bankrupt. In that sense, the bankruptcy court has jurisdiction (as above shown) to administer on all property in actual or constructive possession of the bankrupt at the time the petition is filed. Such jurisdiction is the power to determine what title or right or interest the bankrupt may have therein and to make orders in pursuance of such determination. This exists irrespective of the character of title, right, or interest claimed therein by others, and has often been exercised where the claim was that the bankrupt held as trustee. [Citing cases.]"

In the case of In re Conservative Mortgage & Guaranty Co., 24 F.(2d) 38, 40, the Circuit Court of Appeals for the Sixth Circuit said: "The rules applicable to the facts of this case are that the bankruptcy court, by virtue of the adjudication, had paramount and exclusive jurisdiction over the administration of the bankrupt's property in its actual or constructive possession (case cited); that the bankruptcy court was entitled to and was in constructive possession of the bankrupt's property not adversely held by the state court's receiver. * * *"

See also In re Rogers (D. C.) 116 F. 435, 437; In re Standard Fuller's Earth Co. (D. C.) 186 F. 578, 580, 582; Hume et al. v. Myers et al. (C. C. A. 4), 242 F. 827, 830, 831; In re Jarnol (D. C.) 283 F. 547, 550; In re Hoey et al. (C. C. A. 2) 290 F. 116, 118; In re Hoey, Tilden & Co. (D. C.) 292 F. 269, 270; Board of Road Commissioners, etc., v. Keil (C. C. A. 6) 259 F. 76, 79, 80; Miller v. Potts (C. C. A. 6) 26 F.(2d) 851, 853; Scott v. Goodman (D. C.) 25 F.(2d) 175, 177; Id. (D. C.) 25 F.(2d) 178, 179.

To say that the judge of the court sitting in equity could protect the rights of all parties as well as could be done if he were sitting in bankruptcy is beside the question. Congress has provided for the administration of bankrupt's estates in the bankruptcy court; and after a bankruptcy has supervened, no other court has the power or authority partially to administer or to deplete the estate, by disposing of or impressing a lien upon it or upon any part thereof—valid prior liens, of course, excepted—not even in favor of its own receivers.

For the reasons above noted, we hold that the District Court, sitting as a court of equity, was without power to fix the receiver's and counsel's compensation. Accordingly, the judgment is reversed, with instructions to the lower court to consider the case in bankruptcy, in accordance with the observations herein contained.