phrase "long-term contracts," it is persuasive. It provides that: "As used herein the term 'long-term contracts' means building, installation, or construction contracts covering a period in excess of one year."

In other words, long-term contracts were contracting operations where work was done under the contract and expenditures and expenses were incurred thereunder often in different years from the time payments were received by the contractors.

That the conclusion of the commissioner is correct is supported by the following cases, all of which are cited in the brief for the government: Burnett v. Sanford & Brooks Co., 282 U. S. 359, 51 S. Ct. 150, 75 L. Ed. 383; Shellabarger v. Commissioner (C. C. A.) 38 F.(2d) 566; Bacon' Grain Co. v. Reinecke, Collector (D. C.) 26 F.(2d) 705; Ewing-Thomas Converting Co. v. McCaughn (C. C. A.) 43 F.(2d) 503.

The finding will be in favor of the government and against the plaintiff.

Feiring & Bernstein, of New York City, for auctioneer Arthur Albert.

WOOLSEY, District Judge.

The petition to review is sustained, and the order of the referee is reversed.

I think that under the decisions the trustee is undoubtedly entitled to the summary relief which he seeks; without quoting from or citing many authorities, my view is sustained in Re Diamond's Estate, 259 F. 70 (C. C. A. 6), which has been cited with approval by the Supreme Court in Lion Bonding & Surety Co. v. Karatz, 262 U. S. 640, 642, 43 S. Ct. 641, 67 L. Ed. 1151, and May v. Henderson, 268 U. S. 111, 115, 45 S. Ct. 456, 69 L. Ed. 870.

For fees and administration expenses of the state court receiver and his counsel, application must be made to this court sitting in bankruptcy in this proceeding, as in the case of an assignee. Cf. In re Hacker (D. C.) 38 F.(2d) 100.

Further proceedings will be had before the referee in accordance with this decision.

## In re MEDZIAN.

District Court, S. D. New York.
July 18, 1932.

Max Rockmore, of New York City, for trustee David G. Goodwin.

Robert P. Beyer, of New York City, for state court receiver William M. Brouillard.

## In re CUSTOM SHOP, Inc.

District Court, S. D. New York.
July 21, 1932.

David H. Sloane, of New York City, for petitioner to review.