Robert C. Alston, of Atlanta, Ga., and Saul S. Myers, of New York City, for appellant.

Samuel Nesbitt Evins, of Atlanta, Ga., W. E. Norvell, Jr., of Nashville, Tenn., and James H. Anderson, of Chattanooga, Tenn., for appellee.

Before BRYAN, HUTCHESON, and WALKER, Circuit Judges.

HUTCHESON, Circuit Judge.

On November 2, 1931, finding that the jurisdiction of the state court had first attached, and that as long as the cause was being prosecuted in good faith and in a substantial way no other court could interfere with the res, the subject-matter of that suit, that it was for that court and that court alone to determine the validity of the mortgage asserted in it, the disposition of the property to be made pending the suit and upon its termination, and that no other court had the right to reach out for and take hold of the property, or in any manner whatever interfere with its management or control by the Georgia court [(C. C. A.) 53 F.(2d) 463], we reversed the order of the District Court denying the petition of Bryan, state receiver, for a turnover order, and remanded the cause with directions to surrender possession of the property to him.

On June 13, Bryan moved the District Court for an order entering of record the mandate of this court, and carrying out its

## SPEAKMAN v. BRYAN.
### No. 6716.

Circuit Court of Appeals, Fifth Circuit.
Nov. 3, 1932.

provisions. Answering this motion, Speakman set up that a judgment foreclosing the mortgage had been taken in the state court on November 10, 1931; that the judgment made the amount of it a special lien superior to all other claims; that ever since his appointment on September 10, 1930, as ancillary receiver, he has been in continuous possession of the property of the Lookout Mountain Hotel Company; and that in the discharge of his duties as ancillary receiver and as trustee he has incurred expenses in the care and upkeep of the property necessary for its preservation and inuring to its benefit and the benefit of all persons interested in it. He asserted that, should he now appear in the state court to contest the invalidity of the mortgage, or for any other purpose, his claims would be subordinated to the judgment already entered. He therefore prayed that the court restrain the enforcement of the state court decree and withhold the entry of the mandate until the verdict and decree has been set aside or appropriately modified, and that in any event the court allow and charge as a first lien against the property all the expenses he has incurred in the care and upkeep of it.

Bryan, answering, asserted that the effort of the trustee was to avoid the force and effect of the mandate of this court, that the state court was alone empowered to fix charges against the property in its custody, and prayed, as in his original motion, that the court enter and execute the mandate. The trial court ordered the entry of the mandate and an immediate turnover of the property. It said: "It may well be that certain of the expenditures made by the trustee in bankruptcy for the preservation of the property should be fully recognized and protected; there is no reason to believe that exact justice is not as certainly attainable in the state court as in this court. * * * Possession of the property will be directed to be given at once, as evidenced by making the mandate of the Circuit Court of Appeals the judgment of this court without any conditions attached thereto but with the confident belief that whatever is just in the premises will be done by the state court."

Speakman appeals from this order, assigning as error the failure of the court to impose conditions upon it; (a) that a first lien be fixed upon the property for expenses incurred by the petitioner in its care and keep; (b) that the verdict and decree of foreclosure entered November 10, 1931, in the state court be set aside or acceptably modified, or its enforcement be restrained until the trustee can have it set aside.

We think it cannot be doubted as established that, except where the court appointing the receiver is entirely wanting in jurisdiction as a court (Lion Bonding Co. v. Karatz, 262 U. S. 640, 43 S. Ct. 641, 67 L. Ed. 1151) the costs, expenses, and disbursements incurred by a receiver whose appointment was improvidently made, or who has taken wrongful possession of property, will, upon equitable principles, be charged by the court of jurisdiction against the property to the extent that they have inured to its benefit. State of Missouri v. Angle (C. C. A.) 236 F. 644; Palmer v. State of Texas, 212 U. S. 118, 29 S. Ct. 230, 53 L. Ed. 435; Burnrite Coal Co. v. Riggs, 274 U. S. 208, 47 S. Ct. 578, 71 L. Ed. 1002; In Re Zier & Co. (D. C.) 127 F. 399; Id. (C. C. A.) 142 F. 102; W. F. Potts Son & Co. v. Cochrane (C. C. A.) 59 F.(2d) 375.

If the question here were as to the right and duty of the court having jurisdiction of it to charge against the property or funds accrued from property, in its hands, expenses incurred by a receiver which have inured to the benefit of the property, or have created the funds in his hands, we should have no hesitation in affirming that the right exists. That is, however, not at all the question here. That question is, which of two courts, one having exclusive jurisdiction of property, the other having through its receiver taken wrongful possession of it, is the one to decide the merits of the claims of the receiver, that, though his possession was wrongful, his expenditures have benefited the property, and to provide for their satisfaction out of the property. That question admits of only one answer. It is the court having jurisdiction over the property that can alone decide the extent to which it has been advantaged by the expenditures, and the measures to be taken to provide reimbursement out of the property.

The District Judge fully recognized the nature of the question he had to decide. He held in effect that, while the mandate compelled the delivery of the property to the state court, that court should, and without doubt would, deal in accordance with equitable principles, with the claims of the receiver and trustee for reimbursement out of the property, allowing and protecting them as right and justice require, just as, conditions reversed, the bankruptcy court having possession of the property or funds would deal

with claims for reimbursement made by the receiver of another court. Hanson v. Stephens, 116 Ga. 722, 42 S. E. 1028; Silberberg v. Ray Chain Stores (D. C.) 54 F.(2d) 650, affirmed (C. C. A.) 58 F.(2d) 766; Moore v. Scott (C. C. A.) 55 F.(2d) 863; Missouri v. Angle (C. C. A.) 236 F. 644.

In this the District Judge was right. No case has been cited to us, we have found none, in which, over the protest and against the consent of the receiver of a court having complete jurisdiction of property, a court which without jurisdiction has caused its receiver to make a wrongful seizure of it has been permitted to make that wrongful seizure effective by taxing against the property in the jurisdiction of the other court the costs and expenses of its receiver, or any part of them. In every case dealing with the right of the receiver to apply on equitable principles to the court having jurisdiction over the property for reimbursement out of the property for his expenditures which have actually benefited the estate (Randolph v. Scruggs, 190 U. S. 533, 539, 23 S. Ct. 710, 47 L. Ed. 1165) it has been held without varying that the application must be made, not to the court appointing him, but to the court having jurisdiction of the property.

None of the cases relied upon by appellant are at all contrary. All of them except Harkin v. Brundage, 276 U. S. 36, 48 S. Ct. 268, 72 L. Ed. 457, a special case ruled by its special circumstances, had to do, not with orders entered in a controversy between officers of contending courts, but between persons who had submitted themselves to the jurisdiction of the court making the order. They involved, they decided, the question which the state court must here ultimately decide, the extent to which the receiver's expenses have benefited, the extent to which they may be charged against the property.

In Potts' Case, after securing a reversal of the order of the District Court refusing to surrender possession of property, and a turnover order, the trustee appointed by the state court invoked the jurisdiction of the federal court to obtain a judgment against the plaintiff in that cause, for the amounts which the receiver had expended out of the funds he had realized. It was the plaintiff in the federal court, and not the intervening trustee, who in this court contested the federal court's jurisdiction. We affirmed that court's jurisdiction to hold plaintiff to account for losses which the improvident appointment of the receiver had caused, Beach v. Macon Grocery, Co. (C. C. A.) 125 F. 513; Hawes v. First

National Bank of Madison (C. C. A.) 229 F. 51; but held that plaintiff was entitled, in the accounting, to offset those losses by a showing of benefits inuring to the property from the administration.

In Palmer's Case the Circuit Court of Appeals, finding that the state court had obtained jurisdiction of the property prior to the appointment of the federal court receiver, reversed the order appointing him, and without discussion or comment, taxed all the expenses against the plaintiff, though to pay them all ample funds had been realized by the receiver from the operation of the property. The Supreme Court, also without discussion or comment, other than to say that it seemed equitable that, since the receiver had accumulated funds through the operation of the property, those funds and not the plaintiff in the suit, should pay the cost of their accumulation, reversed the order taxing the plaintiff with the costs, and charged them against the fund.

The record in both courts makes it plain that the controversy there over the taxation of these charges was one not between the state and federal courts, or their receivers, but between the plaintiff and the company in the federal court.

Harkin v. Brundage, 276 U. S. 36, 48 S. Ct. 268, 72 L. Ed. 457, is not a case of charging in the federal court against property in its possession, of which the federal court did not have jurisdiction, expenses which inured to the benefit of the property. On the contrary, in that case it was the federal court, and not the state court, which on the bills filed in the two courts had first in fact acquired jurisdiction. In that case the Supreme Court, not because of lack of jurisdiction in fact in the federal court, but because the evidence showed that that jurisdiction had been first acquired because one of the counsel in the state court by a fraud upon it, had delayed the appointment of the receiver there so that federal jurisdiction might first attach, required that court to surrender to the state court the property rightfully in its possession, though it had actually and in good faith and of right taken and exercised jurisdiction over it, and in the course of that exercise had sold part of the property, borrowed money on receiver's certificates and given rise to rights of innocent creditors and others interested in the property.

It was because the federal court had had jurisdiction, and all of its orders had been made with authority, and not because it had not, had that the Supreme Court conditioned

the turnover order upon the state court's making an order confirming all the proceedings had in the federal court, and all costs, expenses, and disbursements authorized and allowed by that court, and provided that, unless such an order was made, the federal court should continue to exercise the jurisdiction which it had all along had.

This is an entirely different case. Here within five days after the appointment of the federal court's receiver and his taking possession of the property, before any substantial expense had been incurred, the state court appointed its receiver and directed him to apply to the District Court for a turnover order. This he almost immediately did, and, when that order was refused, with all the diligence possible he prosecuted his appeal. That appeal resulted in a finding that no other court had the right to reach out for and take hold of the property, or in any manner interfere with its management or control by the Georgia court, and the entry of a turnover order.

It follows from that finding and decree that the exclusive jurisdiction over that property, and the right to its possession, for the purpose of adjudicating and satisfying the claim of the mortgage belongs to the state court, and that that court alone has jurisdiction to establish charges against the property and fix liens upon it prior to the mortgage.

It follows also that the federal court may not at all condition the turnover of the property, or fix liens upon it; for, if it could do so, it would thus be permitted to indirectly withhold from the state court the possession which it may not directly refuse, to indirectly deprive the state court of a jurisdiction which it may not directly deny to it.

The judgment of the District Court is affirmed.