## TAYLOR v. STERNBERG.

### DUTY v. SAME.
### Nos. 9881, 9882.

Circuit Court of Appeals, Eighth Circuit.
April 18, 1934.

Rehearing Denied May 21, 1934.

158

W. N. Ivie, of Fort Smith, Ark., for appellants.

Clinton R. Barry, of Fort Smith, Ark., for appellee.

Before STONE and WOODROUGH, Circuit Judges, and OTIS, District Judge.

STONE, Circuit Judge.

These are separate appeals from an order requiring turning over to the trustee in bankruptcy of the Parks Dry Goods Company of $1,500 and $500 by Taylor and by Duty, respectively.

The undisputed facts are that Taylor was appointed receiver of the above company and Duty attorney for the receiver by the chancery court of Benton county, Ark. A month later, an involuntary petition in bankruptcy was filed against the company and an adjudication followed two days later (February 13, 1931). On the above day of adjudication (February 13, 1931), the receiver presented his "Final Report," signed by him and by Duty (as "Attorney for Receiver"), wherein he stated his receipts and expenditures as receiver; that the bankruptcy proceeding was filed and would be immediately adjudicated; and asking approval of the report, authority to make certain payments (including sums to be allowed to him, as receiver, and to Duty, as attorney), and thereafter for authority to turn over the balance to the bankruptcy court. The court responded by various allowances, including $1,500 to Taylor for services as receiver, and $500 to Duty for services as attorney for the receiver and for the plaintiff in the receivership suit. The trustee applied for an order against Taylor and Duty to turn over the above sums paid to and retained by them under the above allowance. They filed a motion to dismiss the application for lack of jurisdiction to proceed summarily. The referee regarded the controlling law question to be "the jurisdiction of the State court in the receivership case" and, determining that no such jurisdiction existed because the summons therein was never served (citing Barker v. Cunningham, 104 Ark. 627, 150 S. W. 153), ruled the situation governed by Finneran v. Burton, 291 F. 37, this court, and sustained the turn over application. On re-reference to the referee, additional evidence showed a voluntary appearance of the defendant (Parks Dry Goods Company) in the receivership suit. The final report of the referee sustained his first report. The order of the referee was affirmed by the trial court.

No attempt is here made to sustain the order on the basis that there was no jurisdiction in the state court to appoint the receiver. The issue here is whether appellants are "adverse" claimants within the rule that summary jurisdiction in bankruptcy does not exist where an adverse claimant is in possession of the property sought to be recovered.

It has been directly held by the Third Circuit that allowances by a state court to a receiver and to counsel for the receiver, made after initiation of bankruptcy proceedings, are subject to a summary turn over order by a bankruptcy court (In re Crosby Stores, 61 F.(2d) 812, 814), and by the Sixth Circuit that a receiver is not an adverse claimant as to an allowance for services made to and received by him, after notice of bankruptcy proceedings (In re Diamond's Estate, 259 F. 70, 75, certiorari denied Frankenstein v. Jacobs, 249 U. S. 614, 39 S. Ct. 388, 63 L. Ed. 802). Even as to the funds or property held by him as such receiver he is not an adverse claimant. In re Watts & Sachs, 190 U. S. 1, 27, 23 S. Ct. 718, 47 L. Ed. 933; In re Diamond's Estate, supra (C. C. A.) page 74 of 259 F.; Bank of Andrews v. Gudger, 212 F. 49, 55 (C. C. A. 4). Also, there is no jurisdiction in a state court to make orders of allowances to its receiver or his counsel after filing of the bankruptcy petition but claims for such services must be presented to the bankruptcy court. Gross v. Irving Trust Co., 289 U. S. 342, 53 S. Ct. 605, 77 L. Ed. 1243, 90 A. L. R. 1215; Lion Bonding & Surety Co. v. Karatz, 262 U. S. 640, 642, 43 S. Ct. 641, 67 L. Ed. 1151; Silberberg v. Ray Chain Stores, 58 F.(2d) 766 (C. C. A. 3); Moore v. Scott, 55 F.(2d) 863 (C. C. A. 9); In re Diamond's Estate, 259 F. 70, 73 (C. C. A. 6); also see State of Mo. v. Angle, 236 F. 644, 653, this court. The above citations sustain and, most of them, apply the use of a summary proceeding to force turn over to the trustee of funds of receivers or of allowances so made from such funds for services of receivers and their counsel.

The order should be, and is, affirmed.