**BROOKS v. CARUTHERS et al.**

No. 8158.

District Court, W. D. Pennsylvania.

Nov. 7, 1938.

Max M. Bergad, of Greensburg, Pa., for plaintiffs.

Thomas G. Taylor and Carroll Caruthers, both of Greensburg, Pa., and Harry L. Allshouse, of Pittsburgh, Pa., for defendant.

McVICAR, District Judge.

This is an action in assumpsit by the receiver of a national bank to recover an assessment made against the estate of Catherine A. Caruthers by the Comptroller of the Currency. An affidavit of defense was filed by the defendant. After hearing and on May 6th, 1936, a verdict was rendered in favor of the plaintiff, upon which verdict, judgment was duly entered. December 10, 1937, plaintiff filed a praecipe addressed to the clerk which reads as follows:

"To G. H. Berger, Clerk:

"Issue Scire Facias to revive and continue the lien of the judgment in the above stated case, with notice to the above named heirs, terre tenants in possession. Returnable to the ———— day of 19—.

"Max M. Bergad
"Attorney for Plaintiff."

A large number of heirs, terre tenants in possession, were named in the caption. In pursuance to said writ, and without any statement of claim, a writ of scire facias was duly issued and served upon the original defendant and upon the persons named as heirs and terre tenants. June 2nd, 1938, the original defendant and the heirs and terre tenants caused an appearance to be entered for them to said writ of scire facias, for the sole purpose of moving to quash

said writ; and also, filed a motion to quash said writ, setting forth a number of reasons for the purpose of establishing that this court is without jurisdiction of this writ of scire facias.

 I am of the opinion that there is sufficient set forth in the praecipe and writ of scire facias to confer jurisdiction on this court. This court has jurisdiction of the persons and of the subject matter. Noxon Chemical Products Co., Inc., v. Leckie et al., 3 Cir., 39 F.2d 318. This decision is made without the determination of the question whether the plaintiff is entitled to the remedy which it seeks. I am of the opinion that if such right is questioned, that it should be done in an appropriate way hereafter.

The motion to quash the writ of scire facias is dismissed and it is further directed that plaintiff file a complaint, as provided in the Rules of Civil Procedure for the District Courts of the United States; and that defendants, within the proper time, file their answer as provided for in said rules.