Lester T. DOYLE, Trustee, Appellee,

v.

EXECUTORS OF Joseph NEMEROV, Louis H. O. Fischman and Schwartz & Holtz, Appellants.

No. 225, Docket 23346.

United States Court of Appeals Second Circuit.

Argued April 4, 1955.

Decided May 3, 1955.

Louis H. O. Fischman, New York City, for appellants.

John A. Kiser, Saxe, Bacon, O'Shea & Bryan, New York City, for trustee-appellee, William J. O'Shea, Edward D. Burns, New York City, of counsel.

Before L. HAND, SWAN and HINCKS, Circuit Judges.

L. HAND, Circuit Judge.

The question raised on this appeal is whether an order awarding allowances to certain attorneys in a suit in a state court is a conclusive adjudication of the validity and amount of the claims in a reorganization proceeding under Chapter X, Bankr.Act, 11 U.S.C.A. § 501 et seq. The facts were as follows. The Third Avenue Transit Corporation is a New York corporation, against which a petition for reorganization under Chapter X of the Bankruptcy Act was filed on October 25, 1948, which the court approved on June 21, 1949. In 1941 the Third Avenue Company, which we shall call the "Debtor," had brought a suit in the state court for a declaratory judgment, seeking approval of a plan to "motorize" its lines, to which the indenture trustee of its bonds had refused to agree without that approval. The state court did approve the plan on September 27, 1941; but did not dispose of the suit, and gave leave to anyone interested to apply at the foot of the decree for approval of a second plan already in contemplation: i. e. to merge the "Debtor" with one of its subsidiaries. In May, 1948, availing themselves of this leave, some of the bondholders and shareholders moved the state court to approve the merger, and, upon the report of a master after hearings, the court did approve on February 16, 1949; and in its order awarded the allowances here in question to the claimants at bar for their services in the merger proceeding. It is to be noted that the question whether this order was a liquidation conclusive in bankruptcy of these claims is altogether different from whether, after petition filed in the reorganization court, the order of a state court would have been valid, had it authorized payment of claims out of the assets of the "Debtor." We are in entire agreement with the decision of

Mr. Justice Hofstadter[1] that upon the filing of a petition for reorganization all the assets of the "Debtor" are within the custody of the bankruptcy court, and cease to be subject to orders of state courts. It might seem, if this be true, that any order of the state court that adjudicates the validity of a claim against the "Debtor" ought also to be inconclusive in bankruptcy; but that is not so, at least when the state court's order is made in a creditors' suit.[2]

■ We start with a consideration of § 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, the predecessor of Chapter X. Subdivision a of that section provided that, "If the petition * * * is * * * approved, an order of adjudication in bankruptcy shall not be entered and the court * * * shall, during the pendency of the proceedings * * * have exclusive jurisdiction of the debtor and its property wherever located for the purposes of this section". Subdivision c (10) gave the reorganization court after approval the power (in addition to that given by § 11 of the Bankruptcy Act, 11 U.S.C.A. § 29) to "stay the commencement or continuation of suits against the debtor until after final decree"; and subdivision o provided that "the jurisdiction and powers of the court * * * and the rights and liabilities of creditors, and of all persons with respect to the debtor and its property" should be the same as though an adjudication in bankruptcy had been entered on the day of the approval. These sections spoke only of the period after approval, but § 11 was not so limited and it might have been thought from its absolute language that, as soon as a petition was filed even in bankruptcy it put an end to the jurisdiction of state courts to proceed with suits against the alleged bankrupt. However, this was not so; for, although the section gave the bankruptcy court power

before adjudication to enjoin suits, the petition did not stay them automatically. On the other hand, after adjudication judgments of the state courts were a nullity.[3]

■ The question is whether § 111 of Chapter X, by amending the language we have quoted from subdivision a of § 77B, has the effect of depriving a state court of jurisdiction to decide the validity and amount of claims against the "Debtor" in personam before approval of the petition. Congress must have had some purpose in changing the date when the court should acquire "exclusive jurisdiction," not only over the property of the "Debtor" (which it had before), but over the "Debtor" itself; and a priori it may indeed appear reasonable to suppose that it meant for all purposes to push that date back to the filing of the petition. The only light that the Congressional reports apparently throw upon the intent of § 111 is as follows: "More effective and orderly procedure is provided by thus eliminating the doubts which presently exist under § 77B as to the nature and extent of the court's jurisdiction before the entry of an order approving a petition." At least it is clear that there were questions about the reorganization court's personal jurisdiction of the "Debtor" itself before approval. Our decision in In re Fox Metropolitan Playhouses, Inc., 2 Cir., 74 F.2d 722, was one. In any event, when we consider the sections of Chapter X immediately adjacent to § 111, we cannot escape the conclusion that, whatever may have been the other "doubts," if any, that Congress thought it was "eliminating," the section did not automatically deprive the state courts of their existing jurisdiction over pending suits in personam. The very next section—112—provided that until approval "the jurisdiction, powers, and duties of the court * * * shall be

---

1. Lehman v. Cameron, Sup., 139 N.Y.S.2d 812.

2. Riehle v. Margolies, 279 U.S. 218, 49 S.Ct. 310, 73 L.Ed. 669.

3. Lion Bonding Co. v. Karatz, 262 U.S. 640, 642, 43 S.Ct. 641, 67 L.Ed. 1151; Gross v. Irving Trust Co., 289 U.S. 342, 53 S.Ct. 605, 77 L.Ed. 1243; Taylor v. Sternberg, 293 U.S. 470, 55 S.Ct. 260, 79 L.Ed. 599; In re Diamond's Estate, 6 Cir., 259 F. 70, 74.

the same as in a bankruptcy proceeding before adjudication"; and, as we have just said, the jurisdiction of the bankruptcy court before adjudication does not displace automatically the jurisdiction of state courts. On the contrary, the bankruptcy court must rely upon § 11 in order even to stay state suits. We cannot believe that Congress meant in § 111 to give to the reorganization court a jurisdiction which it at once took away in § 112. Furthermore, § 112 and § 114 are both in exactly the same words, except that one covers the period before filing and the other the period after; and we should therefore have to suppose that § 111 ran counter to this apparent purpose of drawing a jural distinction between the two periods. Finally, we can see no greater reason to make the filing of a petition automatically put an end to the jurisdiction of state courts in a reorganization proceeding than in bankruptcy. In each case no other court can create any new interests in the property, for that would affect the quantum of the assets to be distributed; but there is no reason to suppose that state courts will not as satisfactorily liquidate existing claims in personam in reorganization as they will in bankruptcy. Indeed, there is more reason to suppose that an alleged bankrupt will neglect the defence of a suit against him than that a "Debtor" will do so. The alleged bankrupt may, and usually does, anticipate a discharge, and is not unlikely to be indifferent to such claims; but a "Debtor," whether the petition is approved or not, will ordinarily not be entirely discharged, and will therefore have more motive to contest a claim. We are therefore disposed to interpret § 111 in accordance with the Congressional report: i. e. as only "eliminating the doubts which previously exist(ed) within section 77B." We have mentioned only one such "doubt"; but it is quite possible that there were others that we do not know. It is clear that the amendment was meant to subject the "Debtor" personally to the control of the reorganization court, but that, we think, was all.

Taylor v. Sternberg, supra, 293 U.S. 470, 55 S.Ct. 260, 79 L.Ed. 599, does not seem to us an authority to the contrary. It arose in bankruptcy, the bankrupt being adjudicated two days after an involuntary petition had been filed. On the same day a receiver, appointed by a state court in an insolvency proceeding, presented his report to that court, which at some time not specified awarded allowances to him and to his attorney. The question was whether he should be allowed to withhold these allowances from the amount to be turned over to the trustee in bankruptcy, and the Court said "no." It was most unlikely that the award could have been made before the adjudication, for it appears from the opinion in the Court of Appeals, 8 Cir., 71 F.2d 157, 158, that the receiver did not even present his "Final Report" until the day when the adjudication was entered. Besides, even if the judge did make the allowances on the same day, ordinarily the law will not undertake to divide a day. Indeed, there is nothing to show that the Supreme Court thought of the services as creating personal debts of the bankrupt to the receiver and his attorney, rather than charges against the assets. In view of these considerations, when Sutherland, J., said 293 U.S. on page 473, 55 S.Ct. on page 262, that "with the filing of the petition in bankruptcy, the power of the state court in that respect ceased; and its order fixing the compensation * * * was a nullity because made without jurisdiction," if he had in mind claims in personam, at least he was thinking of their allowance after adjudication.

In conclusion we wish to emphasize the distinction, made at the outset, that, so far as this record shows, the state suit was not custodial, and that the order of the state court did not attempt to create any interest in the "Debtor's" assets. Whether on the merits it was right we have of course nothing to say; but we do hold that since it only adjudicated claims in personam, the order was res judicata in the reorganization proceeding.

Order reversed; cause remanded.