JOSEPH S. KAUFMAN, DEFENDANT-APPELLANT, v. JACOB FREIDUS, CLAIRE FREIDUS, AND 601 WEST 26TH CORP., AND ALBERT S. SMITH, RECEIVER, PLAINTIFFS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Submitted June 11, 1956—Decided June 19, 1956.

See, also, 35 *N. J. Super.* 601, 114 *A. 2d* 751.

436

Before Judges JAYNE, FRANCIS, and SCHETTINO.

*Mr. Henry H. Rubenson* argued the cause for appellant.

No appearance for respondent.

The opinion of the court was delivered by

JAYNE, S. J. A. D. A brief chronological narrative of the significant events will disclose the narrow subject of the present appeal.

In an action in the Chancery Division prosecuted pursuant to the terms of *N. J. S. A.* 14:13–15 praying for the dissolution of the Chelsea Hotel Corporation, an order was made on June 2, 1955 appointing Mr. Albert S. Smith custodial receiver of the property of the corporation with temporary authority to continue the corporate business. Mr. Elias G. Naame was named attorney for the receiver; Messrs. Bradway, Capaldi and Mingos were nominated to serve him as accountants, and Mr. Abraham Rosenberg was designated to countersign the receiver's disbursements. They assumed and proceeded to perform their respective duties.

On or about June 10, 1955 a petition for the reorganization of the corporation was presented to the United States District Court for the District of New Jersey in conformity with the provisions of chapter X of the Bankruptcy Act, and after hearings thereon the court approved the petition, assumed jurisdiction of the cause, and on September 20, 1955 appointed Mr. Domenick D. Joseph to serve as receiver-trustee of the corporate resources. On September 26, 1955 the receiver, officiating in pursuance of the order of the Chancery Division of this court, surrendered all the assets and property of the company in his custodial possession to the receiver appointed by the federal court.

Thereafter, on December 21, 1955 the Chancery Division upon application and by an order of that date made allowances of fees to Mr. Smith, Mr. Naame, the accountants, and Mr. Rosenberg for the services they had performed in their respective designated capacities. Did our Superior

Court possess any jurisdiction in the circumstances afore-mentioned to make the allowances? We think not.

Under former § 77B of the Bankruptcy Act there appears to have been some uncertainty concerning the time at which exclusive jurisdiction vested in the federal reorganization court. *Cf. In re Hotel Martin Co.,* 83 *F. 2d* 231 (2 *Cir.* 1936); *In re Trustees System Discount Co.,* 85 *F. 2d* 467 (7 *Cir.*), *certiorari* denied, *Wilson v. Metropolitan Life Ins. Co.,* 299 *U. S.* 599, 57 *S. Ct.* 191, 81 *L. Ed.* 442 (1936). The incertitude, however, was dispelled by Congress by the enactment of §§ 111, 112, 113, and 114 of the Chandler Act (11 *U. S. C. A.,* §§ 511, 512, 513, 514). These sections are phrased as follows:

"Sec. 111. Where not inconsistent with the provisions of this Chapter, the court in which a petition is filed shall, for the purposes of this chapter, have exclusive jurisdiction of the debtor and its property, wherever located.

Sec. 112. Prior to the approval of a petition, the jurisdiction, powers, and duties of the court and of its officers, where not inconsistent with the provisions of this Chapter, shall be the same as in a bankruptcy proceeding before adjudication.

Sec. 113. Prior to the approval of a petition, the judge may upon cause shown grant a temporary stay, until the petition is approved or dismissed, of a prior pending bankruptcy, mortgage fore-closure or equity receivership proceeding and of any Act or other proceeding to enforce a lien against the debtor's property, and may upon cause shown enjoin or stay until the petition is approved or dismissed the commencement or continuation of a suit against a debtor.

Sec. 114. Upon the approval of a petition, the jurisdiction, powers, and duties of the court and of its officers, where not inconsistent with the provisions of this Chapter, shall be the same as in a bank-ruptcy proceeding upon adjudication."

Noticeably explicit is section 114 in declaring that upon the approval of the petition for reorganization the jurisdiction of the federal court shall be the same as upon adjudication in a bankruptcy proceeding. It has been determined that upon adjudication of bankruptcy, the bankruptcy court acquires exclusive jurisdiction and that the power of the state court to fix the compensation of its receiver and his counsel is terminated by the supervening bankruptcy. *Gross*

*v. Irving Trust Co.,* 289 *U. S.* 342, 53 *S. Ct.* 605, 77 *L. Ed.* 1243 (1933). The decision in the *Gross* case was greeted with respect by our former Court of Errors and Appeals in *Weiss v. Central Cafeteria,* 115 *N. J. Eq.* 286 (1934). See, also, *Taylor v. Sternberg,* 293 *U. S.* 470, 55 *S. Ct.* 260, 79 *L. Ed.* 599 (1935); *cf. Lion Bonding & Surely Co. v. Karatz,* 262 *U. S.* 640, 43 *S. Ct.* 641, 67 *L. Ed.* 1151 (1923).

In *Doyle v. Nemerov's Executors,* 223 *F. 2d* 54 (2 *Cir.* 1955), the appellate court was concerned with the inquiry whether an order awarding allowances to attorneys in the action in the state court is a conclusive adjudication of the validity and amount of the claims in a reorganization proceeding under chapter X of the Bankruptcy Act. Certain passages of the opinion have present pertinency.

In the instance before us the allowances were made not only after the approval of the petition for reorganization but after the relinquishment of all of the assets of this corporation to the receiver-trustee of the federal court. Obviously the order for such allowances could not of itself be effectuated. *Vide, Cudahy Packing Co. v. New Jersey Dairy Products Co.,* 90 *N. J. Eq.* 541, 543 (*Ch.* 1919).

The order under review so far as it grants the allowance of fees is annulled. It is therefore unnecessary for us to express any conclusion concerning either the reasonableness of the fees therein stated, or whether there was a fund in court within *R. R.* 4:55–7(*b*) at the time of their allowance.