**Richard JARZYNKA, Plaintiff,**

v.

**ST. THOMAS UNIVERSITY SCHOOL OF LAW, St. Thomas University, Inc., and the Roman Catholic Archdiocese of Miami, Florida Defendants.**

**No. CIV.A. 03–1787.**

United States District Court, W.D. Pennsylvania.

June 29, 2004.

Richard Jarzynka, Pittsburgh, PA, pro se.

Adam Horowitz, Gilbride, Heller & Brown, Miami, FL, Roberto J. Diaz, Coral Gables, FL, for Defendants.

## MEMORANDUM ORDER

CONTI, District Judge.

### Background

Pending before this court is a motion by St. Thomas University School of Law (the "law school"), St. Thomas University (the "university"), and the Roman Catholic Archdiocese of Miami, Florida (the "archdiocese" and referred to collectively with the law school and university a "defendants") (Doc. No. 6) to dismiss the complaint of Richard Jarzynka ("plaintiff") in the above action. The action involves a suit brought under the Americans With Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, by a former law student who argues that he was expelled from law school because he suffered from a mental health disorder.[1] Resolution of this matter requires the court to undertake an analysis of "Personal Jurisdiction 101." Because the court concludes that the contacts relied upon by plaintiff to establish specific personal jurisdiction over defendant do not relate to the underlying claims, the court will grant defendants' motion to dismiss.

---

1. Plaintiff claims he suffers from bi-polar disorder. Pl.'s Compl. ¶ 26.

### Facts Accepted As True For Purposes of Deciding the Motion

Plaintiff, a former mental health specialist, decided that he wanted to change careers and become a lawyer. Plaintiff was required, as a condition of entering law school, to take the Law School Aptitude Test ("LSAT"). After taking the LSAT, plaintiff received a letter from defendant law school on November 29, 1999, consisting of information about the law school and its scholarship requirements Pl.'s Compl. ¶ 7. The letter also invited plaintiff to complete an express application to the law school. *Id.* Prior to taking the LSAT and receiving this letter, plaintiff had never heard of the law school. *Id.* ¶ 8. Finding that his grades and LSAT score met the law school's scholarship requirements listed in the letter, plaintiff completed the express application and mailed it to the law school. *Id.* ¶ 9.

On January 18, 2000, the law school sent plaintiff a second letter informing him that he was a successful applicant and offering him a full-tuition merit-based scholarship. *Id.* ¶ 10. Plaintiff was also accepted to several other law schools in December 1999 and January 2000. *Id.* ¶ 12. Based upon the law school's scholarship offer, however, plaintiff declined offers of admission to other law schools and enrolled in defendant law school. *Id.* ¶ 13, 15. In mid-July 2000, plaintiff left his employment as a mental health professional, and on August 6, 2000, plaintiff moved from Pittsburgh, Pennsylvania to Miami, Florida in order to enroll in the law school. *Id.* ¶ 14–15. Plaintiff began his law school education on August 8, 2000. *Id.* ¶ 16.

On March 23, 2001, Dr. Sarah Shumate, an agent of the university, went to plaintiff's dorm room to deliver a letter from the dean of the law school, John Makdisi. In the letter, Dean Makdisi informed plaintiff of his immediate expulsion. *Id.* ¶ 18. Dr. Shumate told plaintiff that Dean Makdisi was aware plaintiff suffered from a mental health disorder when he made his decision to expel plaintiff. *Id.* ¶ 20. Plaintiff was informed that he had to leave his on-campus room immediately, and he was not given time to gather all of his personal belongings. *Id.* ¶ 22. Plaintiff left the campus without incident. *Id.* ¶ 23. Plaintiff contends that he was expelled because of his condition, in violation of the ADA. *Id.* ¶ 32.[2]

---

2. Interestingly, plaintiff claims that his "disability does not limit Plaintiff in any of his major life activities." Pl.'s Compl. at ¶ 28. The ADA specifically defines the term "disability" as follows:

> The term "disability" means, with respect to an individual—
> (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;
> (B) a record of such an impairment; or
> (C) being regarded as having such an impairment.

42 U.S.C. § 12102(2).

Because the court finds that personal jurisdiction does not lie in this case, the court does not address defendants' Rule 12(b)(6) motion for failure to state a claim on the basis that plaintiff is not a person with a disability. *See* Defs.' Br. at ¶ 23 (Doc. No. 6). If the court did have personal jurisdiction over defendants, plaintiff's allegation that he is not limited in any of his major life activities might be fatal to his ADA claim. *See ALA, Inc. v. CCAIR, Inc.,* 29 F.3d 855, 859 (3d Cir.1994) (a plaintiff's complaint may plead facts that, taken as true for purposes of deciding the motion to dismiss, creates a defense to his claim); 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1226 (2d ed.1990). The court notes, however, that plaintiff also asserts his claim on the alternative basis that he was "regarded as" disabled. Plaintiff's prima facie case for his "regarded as" claim requires him to show that defendants regarded him as having an impairment which, as perceived by defendants, would have substantially limited him in one or more major life activities. *Deane v. Pocono Medical Center,* 142 F.3d 138 (3d Cir. 1998). Plaintiff's alternative "regarded as"

### Procedural History

Plaintiff's suit arises out of his expulsion. Specifically, plaintiff's sole claim is that he was expelled because he was disabled or because defendants regarded him as disabled, in violation of the ADA. Defendants brought a motion to dismiss plaintiff's complaint on several grounds: (1) lack of personal jurisdiction; (2) lack of subject matter jurisdiction; (3) improper venue; (4) failure to satisfy pre-suit requirements under the ADA; and (5) failure to state a claim. With respect to defendants' motion to dismiss for lack of personal jurisdiction, defendants argue that the court does not have specific judicial jurisdiction over defendants because plaintiff's claim does not arise out of defendants' forum-related activities.

### Standard of Review

A motion to dismiss pursuant to Rule 12(b)(2) challenges the ability of a court to exercise jurisdiction over a party to the dispute. The term "jurisdiction" refers to the power of a court to act and adjudicate concerning the subject matter in a given case. *Noxon Chemical Products Co. v. Leckie*, 39 F.2d 318 (3d Cir.1930). Because federal courts, unlike their state counterparts, are courts of limited jurisdiction, it is incumbent upon the plaintiff to demonstrate that jurisdiction is appropriate. *See Tanzymore v. Bethlehem Steel Corp.*, 457 F.2d 1320 (3d Cir.1972). "When a defendant raises the defense of the court's lack of personal jurisdiction, the burden falls upon the plaintiff to come forward with sufficient facts to establish that jurisdiction is proper." *Mellon Bank (East) P.S.F.S. v. Farino*, 960 F.2d 1217, 1223 (3d Cir.1992). If a jurisdictional defect exists, the court lacks the power to effectively adjudicate the controversy. EUGENE F. SCOLES AND PETER HAY, CON-

FLICT OF LAWS at 263 (2d ed.1992). As in any motion to dismiss, the court must accept the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff. *Carteret Savings Bank, F.A. v. Shushan*, 954 F.2d 141, 142 n. 1 (3d Cir. 1992).

### Discussion

Rule 4(e) of the Federal Rules of Civil Procedure provides that a federal district court may exercise personal jurisdiction over a non-resident defendant to the extent authorized by the law of the forum state in which it sits. *Provident National Bank v. California Federal Savings and Loan Association*, 819 F.2d 434 (3d Cir. 1987). Pennsylvania's long arm statute allows a court to exercise personal jurisdiction over a person "to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States." 42 PA. CONS. STAT. ANN. § 5322(b). Thus, the statute is coextensive with the due process clause of the Fourteenth Amendment to the United States Constitution. *Dollar Sav. Bank v. First Sec. Bank of Utah*, 746 F.2d 208, 211 (3d Cir.1984).

The due process clause of the Fourteenth Amendment prohibits the exercise of personal jurisdiction over a non-resident defendant unless that defendant has certain "minimum contacts" with the forum state so that "the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Due process "protects an individual's liberty interest in not being subject to the binding judgments of a forum with which

---

claim does not require an actual impairment, and thus his concession he was not limited in a major life activity would not preclude a

claim based upon being regarded as having a disability. *Id.* at 143.

he has established no meaningful 'contacts, ties, or relations.'" *Burger King v. Rudzewicz,* 471 U.S. 462, 471–72, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (citing *International Shoe Co.,* 326 U.S. at 319, 66 S.Ct. 154). There are two situations in which personal jurisdiction may be exercised over a non-resident defendant. The first, general jurisdiction, arises out of "continuous and substantial forum affiliations," and it may be exercised when the claims do not arise out of the defendant's activities within the forum state. *Dollar Sav. Bank,* 746 F.2d at 212. In contrast, specific jurisdiction "is invoked when the cause of action arises from the defendant's forum related activities," and, in such a case, the focus is on the minimum contacts between the non-resident defendant and the forum. *Id.* at 211–212. Specific jurisdiction requires "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Hanson v. Denckla,* 357 U.S. 235, 255, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958)

In this case, plaintiff concedes that general jurisdiction may not be exercised over defendants. Pl.'s Br. in Response at 2 (Doc. No. 9) ("Plaintiff has chosen not to contest Defendants' argument that this Court does not have general personal jurisdiction over any of the Defendants"). Thus, the court will focus on whether the non-resident defendants' forum-related contacts in connection with plaintiff's ADA claim are sufficient to confer specific jurisdiction.

Plaintiff argues that the following contacts between defendants and the forum state establish specific jurisdiction: (1) defendant law school mailed letters to plaintiff; (2) defendant law school made an "express application" available to plaintiff; (3) defendant law school invited plaintiff to visit its campus; (4) defendant law school offered a full tuition scholarship to plaintiff; and (5) defendant law school sent a correspondence to plaintiff regarding financial aid and student housing prior to plaintiff's admission. *See* Pl.'s Response at ¶5. Plaintiff argues that these contacts, which are contractual in nature, are sufficient to permit the court to exercise specific jurisdiction over defendants. In fact, plaintiff's brief cites a number of opinions of the United States Supreme Court and the United States Court of Appeals for the Third Circuit which address the requisite minimum contacts for the exercise of personal jurisdiction over a non-resident defendant in a breach of contract action. *See e.g. Grand Entrn't Group, Ltd. v. Star Media Sales, Inc.,* 988 F.2d 476 (3d Cir. 1993); *Burger King, supra; Mellon Bank (East) PSFS, National Association v. Farino,* 960 F.2d 1217 (3d Cir.1992); *North Penn Gas Company v. Corning Natural Gas Corporation,* 897 F.2d 687 (3d Cir.1990); *Remick v. Manfredy,* 238 F.3d 248 (3d Cir.2001). Plaintiff attempts to demonstrate that his ADA cause of action arises out of these contract-related contacts between defendants and the forum state.

Plaintiff's argument, however, misunderstands the concept of specific jurisdiction. In order to exercise specific jurisdiction, due process requires not only that there be minimum contacts between the defendant and the forum state, but also that those contacts have a relationship to the underlying claim. Due process requires the claim "to stem from a constitutionally cognizable contact with [the forum] State." *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 299, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). Simply put, the defendant's contacts with the forum state must be material to the claim. The court may not exercise personal jurisdiction if the defendant's contacts with the forum are "too attenuated." *Id. See also Han-*

*son*, 357 U.S. at 251, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958) ("[t]he cause of action in this case is not one that arises out of an act done or transaction consummated in the forum State."); *Reliance Steel Products v. Watson, Ess. Marshall and Enggas*, 675 F.2d 587 (3d Cir.1982) (allegation of negligent legal advice not related to defendant's only contact with forum, defendant's listing in a legal directory circulated in the forum state); *Dollar Sav. Bank v. First Sec. Bank of Utah*, 746 F.2d 208 (3d Cir.1984) (in a proceeding to foreclose on collateral, personal jurisdiction not established where defendant's only contact was to borrow from and repay a loan to the plaintiff by wire transfer); *Gehling v. St. George's School of Medicine, Ltd.*, 773 F.2d 539, 542 (3d Cir.1985) ("[a]dvanced educational institutions typically draw their student body from numerous states, and appellants' theory would subject them to suit on non-forum related claims in every state where a member of the student body resides . . . the fact that [defendant] may be said to derive some

percentage of its revenues from Pennsylvania residents in return for services provided [out of state] does not subject it to in personam jurisdiction.").

The contacts relied upon by plaintiff may well be sufficient to confer specific personal jurisdiction if plaintiff was bringing a *breach of contract* claim.[3] This case, however, deals with a claim brought under the ADA. Although plaintiff contends that defendants violated the ADA by expelling him because he was regarded as having a disability, plaintiff's complaint fails to identify any connection between his ADA claim and the forum state. This failure is fatal to his attempt to assert that this court has specific personal jurisdiction over defendants. As noted above, specific personal jurisdiction is claim-specific, and where there is no connection between the contacts with the forum state and the claim, specific jurisdiction does not lie. Here, plaintiff attempts to rely upon contacts that might be pertinent to a breach of contract claim to obtain personal jurisdiction over defendants on his ADA claim.

---

**3.** Defendants ask the court to take judicial notice of the court's prior opinion in *Jarzynka v. St. Thomas University of Law*, 310 F.Supp.2d 1256 (S.D.Fla.2004), in which the court transferred plaintiff's case against the law school, the university, and an employee of the university for breach of contract and various tort claims to the Southern District of Florida because venue was improper in the Western District of Pennsylvania. Defendants also request the court to take judicial notice of *Jarzynka v. St. Thomas University of Law*, 310 F.Supp.2d 1256 (S.D.Fla.2004), in which the Southern District of Florida dismissed with prejudice eleven (11) of the twelve (12) counts in plaintiff's complaint. The United States Court of Appeals for the Third Circuit held in *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group, Ltd.*, 181 F.3d 410 (3d Cir.1999), that courts may take judicial notice of the existence of a judicial opinion in determining a motion to dismiss, although the court may not consider the truth of the facts asserted in the opinion. The court may "examine the [prior] decision to

see if it contradicts the complaint's legal conclusions or factual claims." *Id.* at 427. Thus, the court may refer to the existence of the two prior decisions for their legal conclusions; however, the court may not supply facts alleged in the previous action to the pending motion to dismiss.

In this court's previous opinion, the issue of whether there was specific personal jurisdiction over the law school and university defendants with respect to plaintiff's breach of contract claim was not addressed because the court determined that the Western District of Pennsylvania was an improper venue for the action. *See Jarzynka v. St. Thomas University of Law*, 310 F.Supp.2d 1256 (S.D.Fla.2004). The court transferred the case to the Southern District of Florida, which dismissed all of plaintiff's claims with prejudice except his breach of contract claim. Plaintiff's breach of contract claim was dismissed without prejudice based upon a procedural defect. *See Jarzynka v. St. Thomas University of Law*, 310 F.Supp.2d 1256, 1269–70.

The contacts relied upon have no relationship to his ADA cause of action. Because the contacts are so attenuated, the court could not exercise personal jurisdiction over defendants without violating the due process clause of the Fourteenth Amendment. Accordingly, defendants' motion to dismiss for lack of personal jurisdiction is granted.

### Conclusion

**AND NOW,** this 29th day of June 2004, upon consideration of the motion by defendants (Doc. No. 6) to dismiss plaintiff's complaint, along with plaintiff's response (Doc. No. 8), **IT IS ORDERED** that defendants' motion to dismiss for lack of personal jurisdiction is **GRANTED.** By reason of the dismissal on personal jurisdiction grounds, all other pending motions are rendered **MOOT.**

The clerk shall mark this case closed.